397 A.2d 1232

Dorothy SNYDER and Harry Snyder, her husband, Appellants,

v.

NORTH-SOUTH BOWL, INC.

v.

PENN FIXTURE & SUPPLY COMPANY and the Vecta Group, Inc.

Superior Court of Pennsylvania.

Argued Oct. 24, 1978.

Decided Feb. 15, 1979.

Ira C. Houck, Jr., Pittsburgh, for appellant.

Thomas R. Wright, Pittsburgh, for appellee, North-South Bowl.

Arthur J. Murphy, Jr., Pittsburgh, for appellee, Penn Fixture & Supply Co.

John A. Eacharach, Pittsburgh, for appellee, The Vecta Group.

Before CERCONE, WIEAND and HOFFMAN, JJ.

PER CURIAM:

This is an appeal from an order granting judgment on the pleadings to the defendants. Plaintiffs commenced this action in trespass by filing a praecipe for a writ of summons on November 15, 1973, in Allegheny County, for injuries sustained on November 23, 1971. It is the local practice in Allegheny County that if the plaintiff does not deliver the writ to the Sheriff with directions for service, then service is not made. *Dzonick v. Shaeffer,* 125 P.L.J. 253 (Allegheny C.P.1977). While plaintiffs caused the writ to be re-issued several times, they did not deliver the writ to the Sheriff for service until May 13, 1977.

On November 24, 1976, the Supreme Court decided *Lamp v. Heyman,* 469 Pa. 465, 366 A.2d 882 (1976). The Court held in *Lamp* that an action would no longer be deemed commenced by a writ of summons where the plaintiff prevents or delays service of the writ, effective February 22, 1977. *Lamp, supra,* 469 Pa. at 478 & n.8, 366 A.2d at 889. The Court stressed that plaintiffs must adhere to local practice, and that if the Prothonotary is not responsible for delivering the writ to the Sheriff, then the plaintiff is responsible for seeing that service is promptly made. *Id.,* 469 Pa. at 478–79, 366 A.2d at 889.

Here, plaintiffs failed to deliver the writ to the Sheriff for 3½ years after its filing, and for nearly three months after the cutoff date announced in *Lamp.* Under local practice, this wholly prevented service of the writ. Thus, the action was not commenced until some 5½ years after the cause of action accrued. The action was thus barred by the statute

of limitations, 12 P.S. § 34, and the court below was correct in giving judgment on the pleadings to defendants for this reason.

Order affirmed.