405 A.2d 1285

**J. Brian DELPHUS, a minor, by his parents and natural guardians, James A. and Mary A. Delphus, and James A. and Mary A. Delphus, in their own right, Appellants,**

v.

**Jill KASTANEK.**

Superior Court of Pennsylvania.

Argued April 10, 1979.

Decided June 13, 1979.

Petition for Allowance of Appeal Denied Sept. 24, 1979.

Reconsideration Denied Dec. 18, 1979.

Irving M. Portnoy, Pittsburgh, for appellants.

Warren D. Ferry, Pittsburgh, for appellee.

Before PRICE, HESTER and MONTGOMERY, JJ.

PER CURIAM:

On September 18, 1978, the Court of Common Pleas of Allegheny County, Civil Division granted appellee's motion for judgment on the pleadings and dismissed appellants' complaint. It is from this action that the appeal is taken.

Appellants, plaintiffs in this trespass action, made claims arising from an automobile-pedestrian accident occurring on May 28, 1975. The details of that occurrence are not important to our consideration of the question here presented, which is whether appellants' cause of action is barred by the statute of limitations where the action is timely filed, but where a delay of 42 days occurs, between filing and service of process, and where personal service of process is effected 2 years and 27 days after the occurrence of the events giving rise to the cause of action.[1]

1. Appellants' Statement of Question Involved.

Appellants filed a praecipe for writ of summons in trespass, pursuant to Pa.R.C.P. No. 1007, on May 13, 1977.[2] The writ was not delivered to the sheriff for service by appellants, and it expired 30 days later, on June 13, 1977. On June 21, 1977, 8 days after its expiration, the appellants had the writ reissued and it was delivered to the sheriff's office for service on June 22, 1977. Service was effected on June 24, 1977.

Appellee raised the statute of limitations in her answer under new matter, and then filed the motion for judgment on the pleadings, which was granted. We agree with the correctness of this order and affirm.

We have previously noted that practice and local court procedure in Allegheny County required appellant to deliver the writ to the sheriff. *Anderson v. Bernhard Realty Sales Company, Inc.*, 230 Pa.Super. 21, 329 A.2d 852 (1974). Indeed, the Honorable Richard G. Zeleznik of the Court of Common Pleas of Allegheny County, in his well written and reasoned opinion in this case, again recognizes that "in Allegheny County it has long been the established practice that after a writ is issued by the prothonotary, a plaintiff must physically pick it up and cause it to be carried across the street to the Sheriff's office and delivered with written instructions for service together with the statutory fees." (Opinion p. 2)

This appeal is controlled by *Lamp v. Heyman*, 469 Pa. 465, 478–79, 366 A.2d 882, 889 (1976):

Accordingly, pursuant to our supervisory power over Pennsylvania courts, we rule that henceforth, i. e., in actions instituted subsequent to the date of this decision, a writ of summons shall remain effective to commence an action only if the plaintiff then refrains from a course of conduct which serves to stall in its tracks the legal machinery he has just set in motion. Since the manner in

2. We note the Docket Entries # 1) "May 31, 1977, Summons in Trespass. Returnable June 12, 1977 filed." Both briefs and the opinion of the court use the date May 13, 1977, we, therefore, assume the record is in error.

which writs of summons are to be prepared and delivered to the sheriff for service is not covered by our rules and since there are differences among the judicial districts of Pennsylvania in the procedures followed in these matters, a plaintiff should comply with local practice as to the delivery of the writ to the sheriff for service. If under local practice it is the prothonotary who both prepares the writ and delivers it to the sheriff, the plaintiff shall have done all that is required of him when he files the praecipe for the writ; the commencement of the action shall not be affected by the failure of the writ to reach the sheriff's office where the plaintiff is not responsible for that failure. *Otherwise, the plaintiff shall be responsible for prompt delivery of the writ to the sheriff for service.* . . (Emphasis added) (Footnote omitted).

The judgment entered on September 18, 1978, in favor of appellee is affirmed.