419 A.2d 749

**Gregory A. SWEET, Appellant,**

v.

**Charles J. AYRES, Appellee,**

v.

**Mike RELIC and Tina Relic, Individually and t/d/b/a The Pink Elephant Lounge and Relic, Inc.**

Superior Court of Pennsylvania.

Submitted Nov. 16, 1979.

Filed April 25, 1980.

Gordon C. Post, Jr., New Castle, for appellant.

Charles W. Garbett, Ellwood City, for appellee, Charles J. Ayres.

Norman A. Levine, New Castle, for appellees Relic et al., ind. and t/d/b/a The Pink Elephant Lounge and Relic, Inc.

Before CERCONE, President Judge, and MONTGOMERY and LIPEZ, JJ.

PER CURIAM:

This is an appeal by the plaintiff, Gregory A. Sweet, from an order granting summary judgment in favor of the original defendant, Charles J. Ayres, because plaintiff's claim was barred by the statute of limitations. We do not agree and reverse the order.

This action of trespass arose out of an automobile accident which occurred on September 7, 1975, and was initiated by the issuance of a summons on July 15, 1977. The summons was delivered to the sheriff with proper instructions and fees, but the sheriff did not serve it because he received a telephone call from plaintiff's father requesting him to hold it. Plaintiff, an adult, had no knowledge of this call nor did the attorney named on the summons, Gordon C. Post, Jr., Esquire. Furthermore, they did not learn that the writ had not been served on the defendant until sometime later, when

attorney Post took immediate action to have it reissued. This was accomplished on September 26, 1977, and the reissued summons was served thereafter. Following the filing of the complaint, the defendant answered and under "New Matter" asserted the defense of the bar of the statute of limitations [1] since the two year period allowed by statute had expired on September 7, 1977.

Plaintiff–appellant contends the statute was tolled by the issuance of the first summons on July 15, 1977. The defendant–appellee contends that writ was a nullity since plaintiff engaged in conduct (the father's phone call to the sheriff) which stalled the legal machinery which had been set in motion by the issuance of the first summons. Citing *Lamp v. Heyman*, 469 Pa. 465, 366 A.2d 882 (1976). The lower court accepted this argument and rendered the aforesaid judgment in favor of the defendant.

We do not find the non–service of the original writ to be the fault of the appellant or his attorney. They were unaware that the phone call had been made or that the sheriff in response thereto was holding the writ. They were not informed by the sheriff that he was withholding service, nor did he ever file a return of the first summons which might have indicated he had not served it. Plaintiff and counsel had done all they were required to do under *Lamp*, supra.

The fault herein is with the sheriff who responded to the request of a third person not a party to the litigation. He knew the responsibility for the prosecution of the case was that of the attorney named in the writ. Act of April 14, 1834, P.L. 333, Sect. 70; 17 P.S. 1631. That he was aware of this is to be found in his affidavit wherein he acknowledged that he had been assured by the person who had made the phone call that "he would take care of the attorney Post". Nevertheless, he neglected to serve the writ as he was required to do under Pa.R.C.P. 1009.

1.  Act of June 24, 1895, P.L. 236, Section 2; 12 P.S. § 34.

We fail to find any action on the part of plaintiff or his attorney that stalled the machinery referred to in *Lamp*, supra. This is not an "issue and hold" case.

The order of the lower court granting summary judgment in appellee's favor is reversed and the case is remanded for further proceedings not inconsistent with this opinion.