420 A.2d 684

Nora A. PANNILL, and Arthur Pannill, her husband, and Julia
Pannill, a minor, by her father and natural guardian,
Arthur Pannill

v.

Catherine SEAHORNE, Appellant.

Superior Court of Pennsylvania.

Argued Nov. 14, 1979.

Filed June 6, 1980.

Paul W. Roman, Jr., Pittsburgh, for appellant.

Zeno Fritz, Pittsburgh, for appellees.

Before SPAETH, HOFFMAN and VAN der VOORT, JJ.

HOFFMAN, Judge:

Appellant contends that appellees' action in trespass is barred by the statute of limitations. We agree in part and, accordingly, reverse in part the order of the lower court denying appellant's motion for judgment on the pleadings.

On April 17, 1974, the parties were involved in an automobile accident in the city of Pittsburgh. Subsequently, on April 15, 1976, appellees (plaintiffs) filed a complaint in trespass in the Court of Common Pleas of Allegheny County in which they sought to recover from appellant (defendant) for personal injuries and property damage allegedly sustained in the accident.[1] Plaintiffs did not deliver the complaint to the sheriff with directions for service; consequently, the complaint was not timely served, and it expired on May 15, 1976.[2] On April 13, 1978, plaintiffs had their complaint reinstated and delivered to the sheriff with directions for service. The sheriff was unable to locate defendant and made a return of "Not Found." On August 4, 1978, plaintiffs again had their complaint reinstated and delivered to the sheriff. This time service was made, and on August 24, 1978, defendant filed an answer and new matter

1. Accordingly, plaintiffs' action was commenced just within the two-year period of limitations on actions for personal, injuries, 12 P.S. § 34 (current version at 42 Pa.C.S.A. § 5524(2)) and well within the then–applicable six–year period of limitations on actions for property damage, 12 P.S. § 31. (The present period of limitations on actions for property damage is two years. See 42 Pa.C.S.A. § 5524(3).) See Cox v. Hott, 246 Pa.Super. 445, 451, 371 A.2d 921, 923 (1977) (SPAETH, J., concurring and dissenting).

2. Pa.R.Civ.P. 1009(a) provides that service of a complaint must be made within thirty days after filing.

raising the statute of limitations as a defense. Subsequently, defendant moved for judgment on the pleadings, again contending that the statute of limitations barred plaintiffs' action. The lower court denied defendant's motion in an order which contained the certification required by 17 P.S. § 211.501(b) (current version at 42 Pa.C.S.A. § 702(b)) for interlocutory appeals by permission. This Court then granted defendant's petition for permission to appeal.

The essence of defendant's contention before the lower court and on this appeal is that plaintiffs' failure to deliver their complaint to the sheriff within ninety days after our Supreme Court's decision in *Lamp v. Heyman*, 469 Pa. 465, 366 A.2d 882 (1976), constituted a bar to service which nullified the commencement of the action and rendered plaintiffs' reinstated complaint untimely under the statute of limitations.[3] In *Lamp*, the Court held that under Pa.R.Civ.P. 1007, the filing of a praecipe for a writ of summons within the applicable statutory period served to toll the running of the statute of limitations, notwithstanding the plaintiff's directions to the lower court prothonotary to issue and hold the writ and thereby prevent service.[4] Nevertheless, the Court

**3.** In so contending defendant apparently believes that the two–year period of limitations of 12 P.S. § 34 applies to plaintiffs' entire action. This is incorrect. As noted above, under 12 P.S. § 31, plaintiffs had six years, or until April 17, 1980, in which to commence an action for property damages resulting from their accident with defendant. *See* note 1 *supra.* Thus, even though we agree with defendant that plaintiffs' obstruction of service served to nullify the commencement of their action in 1976, plaintiffs' reinstatement and service of their complaint in 1978 constituted timely commencement of their action so far as property damages are concerned.

**4.** In so holding the Court noted that valid reissuance of a timely filed writ of summons continued the tolling of the statute of limitations. The Court stated that

although Pa.R.C.P. 1009(a) provides that a writ shall be served within thirty days after issuance or filing, it may, pursuant to Pa.R.C.P. 1010(a), be reissued at any time after the original issuance during a period equivalent to that permitted by the applicable statute of limitations for the commencement of the action; further, each valid reissuance gives rise to a new equivalent period during which the writ may again be reissued. See, e.g., *Ehrhardt*

conclude[d] that there is too much potential for abuse in a rule which permits a plaintiff to keep an action alive without proper notice to a defendant merely by filing a praecipe for a writ of summons and then having the writ reissued in a timely fashion without attempting to effectuate service. In addition, [the Court found] that such a rule is inconsistent with the policy underlying statutes of limitation of avoiding stale claims, and with that underlying our court rules of making the processes of justice as speedy and efficient as possible.

*Id.*, 469 Pa. at 477, 366 A.2d at 888–89 (footnotes omitted). Accordingly, the Court ruled that in cases commenced after November 24, 1976 (the date on which *Lamp* was decided), "a writ of summons shall remain effective to commence an action only if the plaintiff then refrains from a course of conduct which serves to stall in its tracks the legal machinery he has just set in motion." *Id.*, 469 Pa. at 478, 366 A.2d at 889 (footnote omitted).[5] Additionally, the Court ruled that

[i]f any plaintiff who, having filed a praecipe to institute an action, is presently engaged in such a course of conduct and thereby preventing or delaying service of notice of suit upon a defendant, and he subsequently fails to remove within ninety days of the date of this decision [*i.e.*, by February 22, 1977] whatever bar to service he may have erected, he shall be deemed to have nullified the commencement of his action.

*Id.*, 469 Pa. at 478 n.8, 366 A.2d at 889 n.8. The Court further ruled that "the plaintiff shall be responsible for

*v. Costello*, 437 Pa. 556, 264 A.2d 620 (1970); *Salay v. Braun*, 427 Pa. 480, 235 A.2d 368 (1967); *Zarlinsky v. Laudenslager*, 402 Pa. 290, 167 A.2d 317 (1961).
469 Pa. at 471, 366 A.2d at 885.

5. Earlier in its opinion the Court identified several such stalling tactics in common use. "Depending upon the process obtaining in a particular county, [delay or prevention of service upon a defendant] can be accomplished by instructing either the prothonotary or the sheriff to hold the writ, *by personally retaining the writ and not delivering it to the sheriff for service,* or by neglecting to pay the sheriff his fee." 469 Pa. at 472, 366 A.2d at 886 (emphasis added).

prompt delivery of the writ to the sheriff for service," unless under local practice the prothonotary both prepares the writ and delivers it to the sheriff. *Id.,* 469 Pa. at 478–79, 366 A.2d at 889.[6]

In the present case plaintiffs tolled the applicable statutes of limitation by filing their complaint, but then prevented service upon defendant by not delivering the complaint to the sheriff.[7] Moreover, plaintiffs did not remove the bar to service which they had erected until April, 1978, well beyond the ninety–day grace period which the Supreme Court allowed for cases instituted before the date *Lamp* was decided. Nonetheless, the lower court denied defendant's motion for judgment on the pleadings. In support of its decision, the court noted that the rule in *Lamp* expressly applied to cases instituted by writ of summons. Because plaintiffs had commenced their action by complaint, the lower court concluded that *Lamp* was inapplicable and that plaintiffs' obstruction of service therefore did not render their complaint a nullity and result in their action being barred by the

6. Thus, in several cases this Court has held that in counties where plaintiffs are responsible for delivery of writs to the sheriff for service, failure to do so runs afoul of the rule in *Lamp.* *See Delphus v. Kastanek,* 267 Pa.Super. 26, 405 A.2d 1285 (1979); *Snyder v. North–South Bowl, Inc.,* 263 Pa.Super. 328, 397 A.2d 1232 (1979). *See also Dzvonick v. Shaeffer,* 125 P.L.J. 253 (Pa.C.P.1977), *aff'd mem.,* 259 Pa.Super. 615, 393 A.2d 1285 (1978). *Cf. Beck v. Minestrella,* 264 Pa.Super. 609, 401 A.2d 762 (1979) (no violation of *Lamp* rule where plaintiff properly delivered his writ, complaint, and reinstated complaint to sheriff for service).

7. In *Delphus v. Kastanek,* 267 Pa.Super. 26, 405 A.2d 1285 (1979), we noted that "in Allegheny County it has long been the established practice that after a writ is issued by the prothonotary, a plaintiff must physically pick it up and cause it to be carried across the street to the Sheriff's office and delivered with written instructions for service together with the statutory fees." *Id.,* 267 Pa.Super. at 28, 405 A.2d at 1286 (quotations omitted). Similarly, after a plaintiff files a complaint in the Allegheny County Court of Common Pleas, he is responsible for having it delivered to the sheriff with instructions for service and the proper fees.

statute of limitations.[8]  Appellant contends that this was error, and we agree.

■ Although the lower court correctly noted that the rule in *Lamp* expressly refers to cases instituted by writ of summons, we think that the rule applies with equal force to cases instituted by complaint.  The same potential for abuse which the Court in *Lamp* sought to eliminate is present regardless of whether a plaintiff commences his action by writ of summons or by complaint.  In either case, a plaintiff could conceivably extend the life of his claim against an unsuspecting defendant simply by having process reissued or reinstated and preventing service.[9]  In either case, such a course of conduct would disserve the policies of avoiding stale claims and promoting speedy justice.  Accordingly, we disagree with the lower court's conclusion that the rule in *Lamp* does not apply to cases commenced by complaint.

■ Having concluded that the rule in *Lamp* applies to cases instituted by complaint, we must now consider whether the rule can fairly be applied in the present case.  We note that plaintiffs' action was commenced more than seven months before the date on which *Lamp* was decided.  We note also that in extending a ninety–day grace period from the date of decision for all plaintiffs to remove whatever bars to service they may have erected, the Court in *Lamp* expressly referred to cases instituted by praecipe for a writ of summons.  Nonetheless, we can see no unfairness in applying the rule in *Lamp* to the present case.  Even though plaintiffs commenced their action by filing a complaint, we

8.  We note that the lower court, like defendant, did not distinguish between the personal injury and the property damage aspects of plaintiffs' action and apparently considered only the two–year period of 12 P.S. § 34 in deciding that the action was timely commenced. This was incorrect.  *See* note 3 *supra.*

9.  As is the case with reissuance of a writ of summons (*see* note 4 *supra*), a complaint may be reinstated for a period of time which, measured from the date of the original filing of the complaint (or the date of a subsequent reinstatement thereof), is equal to the period within which the original action had to be brought to toll the applicable statute of limitations.  *Mangino v. Lieber,* 442 Pa. 594, 277 A.2d 823 (1971).  *See also* 1 Goodrich Amram 2d, § 1010(b):1.

do not think that they could reasonably have believed that they would suffer no consequences if they failed to remove their bar to service within ninety days after the decision in *Lamp*. The opinion in *Lamp* was unambiguous in condemning the very abuse of which plaintiffs were guilty. Thus, we hold that plaintiffs' failure to deliver their complaint to the sheriff by February 22, 1977, served to nullify the commencement of their action for personal injuries. Accordingly, plaintiffs' claim for personal injuries is barred by the two–year statute of limitations on such claims,[10] and the lower court erred in not so holding.[11]

Order reversed in part; case remanded for proceedings consistent with this opinion.

10. *See* note 1 *supra*.

11. As already noted, plaintiffs' claim for property damages was timely brought, notwithstanding their obstruction of service until April, 1978. *See* note 3 *supra*. Accordingly, plaintiffs are not barred from proceeding with this aspect of the case.