496 A.2d 1240

**Ellis ROBINSON, Appellant,**

v.

**TRENTON DRESSED POULTRY COMPANY.**

Superior Court of Pennsylvania.

Submitted March 13, 1985.

Filed Aug. 9, 1985.

546

John Joseph Fonash, III, Philadelphia, for appellant.

Charles A. Harad, Philadelphia, for appellee.

548

Before SPAETH, President Judge, and JOHNSON and SHOYER *, JJ.

JOHNSON, Judge:

This action arose out of an automobile accident which occurred September 23, 1980. On August 30, 1982 Appellant, Ellis Robinson, filed a Praecipe for Writ of Summons in trespass, and an arbitration hearing on the matter was scheduled for May 3, 1983.

As of the date of the arbitration hearing the Writ of Summons had neither been served, nor reissued, nor had a complaint been filed or served and, on May 5, 1983, an order was entered by the trial court, dismissing the action without prejudice.

On May 25, 1983 Robinson filed a complaint in trespass under the same court term and number as the action dismissed by the May 5, 1983 order. Appellee, Trenton Dressed Poultry Company (Trenton), filed preliminary objections seeking to have the complaint dismissed as a nullity. On October 6, 1983 the trial court granted the preliminary objections of Trenton and dismissed Robinson's complaint with prejudice. This appeal from both the May 5, 1983 and October 6, 1983 orders followed. For reasons hereinafter set forth, the appeal from the May 5, 1983 order is quashed and the order of October 6, 1983 is affirmed.

■ Robinson first challenges the trial court's dismissal of the instant case, without prejudice, on May 5, 1983.

Pa.R.A.P. 903(a) provides:

**Rule 903. Time for Appeal**

(a) **General rule.** Except as otherwise prescribed by this rule, the notice of appeal required by Rule 902 (manner of taking appeal) shall be filed within 30 days after the entry of the order from which the appeal is taken.

The Notice of Appeal of November 3, 1983 was filed more than six months after this order had been entered and,

---

* Judge SHOYER, Senior Judge of the Court of Common Pleas of Philadelphia County, Pennsylvania, is sitting by designation.

therefore, was not timely. Thus, Robinson's appeal from the May 5, 1983 Order must be quashed. *Cameron v. Escofil,* 321 Pa.Super. 347, 468 A.2d 513 (1983); *In re Gorham,* 272 Pa.Super. 145, 414 A.2d 712 (1979).

Robinson's appeal from the May 5, 1983 Order having been quashed, we turn our attention to the legal effect of that order, which dismissed Robinson's action without prejudice. A clear understanding of the difference between dismissal of an action without prejudice (Robinson's case), and dismissal of an action with prejudice for failure to prosecute a claim is thus necessary to a proper resolution of the issues raised in the instant case.

■ When an action is dismissed, with prejudice, for failure to prosecute a claim, it is contemplated that that action is terminated unless the plaintiff takes positive steps to reinstate the cause of action within the applicable period of the statute of limitations. As the Commonwealth Court explained in *Thompson v. Cortese,* 41 Pa.Commw. 174, 398 A.2d 1079 (1979), when an action is dismissed with prejudice for failure to prosecute a claim, it is not a denial of relief to the plaintiff because it is not an adjudication on the merits; rather, it means only that the plaintiff whose complaint is thus dismissed cannot reinstate that complaint unless he first petitions the court to exercise its discretion to remove the non pros and establishes certain facts. *Id.* at 178, 398 A.2d at 1082. *See also Bon Homme Richard Restaurants, Inc. v. Three Rivers Bank & Trust Company,* 298 Pa.Super. 454, 444 A.2d 1272 (1982). The underlying reasons for such a policy are clear—prompt, final conclusion of pending matters, and removal from the docket of cases which would otherwise clutter it for an unreasonable length of time. *Cf. Bon Homme Richard Restaurants, Inc. v. Three Rivers Bank & Trust Company, supra.*

■ Like a dismissal with prejudice for failure to prosecute a claim, a dismissal without prejudice is not intended to be *res judicata* of the merits of the controversy. *See Fiumara v. American Surety Co. of New York,* 346 Pa. 584, 31 A.2d 283 (1943); *Media-69th Street Trust Compa-*

*ny's Trust Mortgage Pool Case,* 344 Pa. 223, 25 A.2d 344 (1942); *Commonwealth ex rel. Eldredge v. Eldredge,* 175 Pa.Super. 276, 104 A.2d 185 (1954). Unlike a dismissal with prejudice for failure to prosecute a claim, however, the phrase "without prejudice" ordinarily imports the contemplation of further proceedings. *Media-69th Street Trust Company's Trust Mortgage Pool Case, supra.* See also *Fiumara v. American Surety Co. of New York, supra; Commonwealth ex rel. Eldredge v. Eldredge, supra.* Thus, it is clear that the same considerations of prompt, final conclusion of pending matters, and avoidance of cluttering the docket for an unreasonable length of time are not present.

In the case at bar, the May 5, 1983 Order dismissed Robinson's action "without prejudice," thus importing the contemplation of further proceedings. *Media-69th Street Trust Company's Trust Mortgage Pool Case, supra.* When Robinson filed a complaint twenty days later, however, the court, upon the filing of preliminary objections by Trenton, dismissed Robinson's complaint, with prejudice. One of the reasons given by the court for its dismissal of Robinson's complaint was that, having had his action dismissed previously by court order, Robinson was not entitled to file a complaint without first petitioning the court for reinstatement of his action and showing cause as to why the court should grant him leave to reinstate the action.

■ For the reasons set forth above, we do not agree, and hold, therefore, that when a case is dismissed without prejudice it is unnecessary to obtain permission of the court to proceed further with the action. In view of this holding, his case having been dismissed without prejudice for failure to prosecute his claim, Robinson was not obligated to obtain permission of the court to file his complaint. Notwithstanding our finding in this regard, however, we still deem the commencement of Robinson's action a nullity.

■ As the trial court correctly observed, Robinson's filing of the Praecipe for Issuance of a Writ of Summons clearly constituted the "commencement" of an action under Pa.R.C.P. 1007(1). *See Ehrhardt v. Costello,* 437 Pa. 556,

264 A.2d 620 (1970); *Bowman v. Mattei,* 309 Pa.Super. 486, 455 A.2d 714 (1983). In general, the filing of a praecipe is sufficient to toll the running of the statute of limitations; and, although the praecipe is not served within thirty days thereafter, *see* Pa.R.C.P. 1009(a), Pa.R.C.P. 1010 permits the writ to be reissued at any time within a new two-year period. *See Bowman v. Mattei, supra; Wible v. Apanowicz,* 306 Pa.Super. 262, 452 A.2d 545 (1982). The filing of a complaint may be considered equivalent to the reissuance of a writ as of the date of the filing of the complaint. Pa.R.C.P. 1010(e).

> Our supreme court has observed, however, that:

> there is too much potential for abuse in a rule which permits a plaintiff to keep an action alive without proper notice to a defendant merely by filing a praecipe for a writ of summons and then having the writ reissued in a timely fashion without attempting to effectuate service. In addition, we find that such a rule is inconsistent with the policy underlying statutes of limitation of avoiding stale claims, and with that underlying our court rules of making the processes of justice as speedy and efficient as possible.

*Lamp v. Heyman,* 469 Pa. 465, 477, 366 A.2d 882, 888–89 (1976) (footnotes omitted). That court then went on to qualify the rule, its purpose being to avoid the situation in which a plaintiff can bring an action but, by not making a good-faith effort to notify a defendant, retain exclusive control over it for a period in excess of that permitted by the statute of limitations. *Id.,* 469 Pa. at 478, 366 A.2d at 889. The court ruled that:

> henceforth, i.e., in actions instituted subsequent to the date of this decision, a writ of summons shall remain effective to commence an action only if the plaintiff then refrains from a course of conduct which serves to stall in its tracks the legal machinery he has just set in motion. Since the manner in which writs of summons are to be prepared and delivered to the sheriff for service is not covered by our rules and since there are differences among the judicial districts of Pennsylvania in the proce-

dures followed in these matters, a plaintiff should comply with local practice as to the delivery of the writ to the sheriff for service. If under local practice it is the prothonotary who both prepares the writ and delivers it to the sheriff, the plaintiff shall have done all that is required of him when he files the praecipe for the writ; the commencement of the action shall not be affected by the failure of the writ to reach the sheriff's office where the plaintiff is not responsible for that failure. Otherwise, the plaintiff shall be responsible for prompt delivery of the writ to the sheriff for service. Cf. Pa.R.C.P. 1009.

*Id.*, 469 Pa. at 478–79, 366 A.2d at 889 (footnote omitted).

 As Judge Doty observed, Robinson, having filed the praecipe for issuance of a writ of summons, took no action to serve the writ upon Trenton; thus, under the holding of *Lamp v. Heyman, supra,* Robinson's failure to do so served to nullify the commencement of his action. *See Jacob v. New Kensington Y.M.C.A.,* 312 Pa.Super. 533, 459 A.2d 350 (1983); *Pannill v. Seahorne,* 278 Pa.Super. 562, 420 A.2d 684 (1980); *Delphus v. Kastanek,* 267 Pa.Super. 26, 405 A.2d 1285 (1979); *Snyder v. North-South Bowl, Inc.,* 263 Pa.Super. 328, 397 A.2d 1232 (1979).

The appeal from the May 5, 1983 order is quashed. The order of October 6, 1983 is affirmed.