509 A.2d 1268

**Nettie M. WATTS, Administratrix of the Estate of Bernard Watts, Deceased and Nettie M. Watts, In Her Own Right, Appellant,**

**v.**

**OWENS–CORNING FIBERGLAS CORPORATION & Owens-Illinois, Inc. & Pittsburgh Corning Corporation & Eagle-Picher Industries, Inc. & Nicolet Industries, Inc. & Raymark Corporation & Raymark Industries, Inc. & Raybestos-Manhattan, Inc. & Celotex Corporation & H.K. Porter and Company, Inc. & Southern Asbestos Company & D.A.R. Industrial Products, Inc. & A.C. and S. Corporation & Keene Corporation & Pacor, Inc. & Armstrong World Industries, Inc. & Armstrong Cork Company & Forty-Eight Insulation, Inc. & Fibreboard Corporation & GAF Corporation & Asten-Hill Company & Rubberoid Company & Garlock, Inc. & Turner and Newall Limited & Uni-Royal, Inc. f/k/a U.S. Rubber Company, Inc.**

Superior Court of Pennsylvania.

Argued Dec. 17, 1985.

Filed April 16, 1986.

Reargument Denied June 19, 1986.

No appearance nor briefs entered on behalf of appellant.
Joseph W. McGuire, Philadelphia, for appellees.

Before: CAVANAUGH, WICKERSHAM and HOFF-MAN, JJ.

WICKERSHAM, Judge:

Before us are twelve consolidated appeals stemming from twelve orders of the Court of Common Pleas of Philadelphia County, granting summary judgments in favor of twelve of the twenty-five defendants involved in an asbestos-related disease action.[1]

1. Summary judgments were granted to the following defendant-appellees on the following dates: Armstrong World Industries, Inc., March 22, 1984 (Appeal No. 1014 Phila. 1984); Pittsburgh Corning Corp., June 21, 1984 (Appeal No. 2005 Phila. 1984); Owens-Corning Fiberglas

Appellant's husband, Bernard Watts, was employed at the Philadelphia Naval Shipyard from 1940 to 1951 and at the Naval Air Development Center from 1951 to 1980. In 1979, he was discovered to have lung cancer. He died on May 23, 1981. On May 16, 1983, appellant commenced this action by obtaining a writ of summons. Appellant failed however to deliver the writ to the sheriff for service within the thirty days specified by Pa.R.C.P. No. 1009(a). In fact, the writ was not reissued until more than three months later, on August 23, 1983. On August 17, 1983, appellant filed a complaint, which was reinstated on September 3, 1983. Service was subsequently made on all defendants, including appellees.

A flurry of pleadings followed, but the only pleadings of importance herein were motions for summary judgments[2] made by appellees. The gist of these motions was that appellant's complaint should be dismissed as time-barred by the statute of limitations.[3] The lower court agreed and, in a series of orders from March 1984 to April 1985, granted the motions. To each order, appellant filed a timely appeal. These appeals are before us now.

The question presented is whether appellant's failure to effectuate timely service of the writ rendered it a nullity, thus causing appellant's action to be time-barred as failing to be filed within the two-year statute of limitations.[4] After

Corp., August 30, 1984 (Appeal No. 2655 Phila. 1984); Eagle-Picher Industries, Inc., September 12, 1984 (Appeal No. 2716 Phila. 1984); Pacor, Inc., November 13, 1984 (Appeal No. 3304 Phila. 1984); Keene Corp., November 13, 1984 (Appeal No. 3305 Phila. 1984); Celotex Corp., January 7, 1985 (Appeal No. 323 Phila. 1985); H.K. Porter & Co., Inc., March 1, 1985 (Appeal No. 792 Phila. 1985); Southern Asbestos Co., March 1, 1985 (Appeal No. 793 Phila. 1985); Raymark Industries, Inc., April 16, 1985 (Appeal No. 1245 Phila. 1985); Forty-Eight Insulation, Inc., April 11, 1985 (Appeal No. 1246 Phila. 1985); and Uni-Royal, Inc., April 16, 1985 (Appeal No. 1247 Phila. 1985). Appellant has advised our court by letter dated December 3, 1985 that the twelfth appeal, against Uni-Royal, Inc., has been settled.

2. In some cases, motions for judgment on the pleadings, which were treated as motions for summary judgment, were made.

3. 40 Pa.C.S. § 5524(2).

4. Appellant states the issue as follows:

carefully reviewing the arguments presented to us by the parties, the record on appeal, the thorough opinions of the Honorable Harry A. Takiff dated March 22, 1984 and June 21, 1984, and the applicable caselaw, we conclude that appellant's action was indeed time-barred by her failure to file it within the two-year period following the death of Bernard Watts.

Pa.R.C.P. No. 1007 provides that a civil action may be commenced by filing with the prothonotary a praecipe for a writ of summons. Pa.R.C.P. No. 1009(a) provided, at all relevant times herein,[5] that the writ "shall be served by the sheriff within thirty (30) days after issuance or filing." Thus, while the actual filing of a praecipe for a writ of summons commences the action and tolls the applicable statute of limitations, at least since the landmark decision in *Lamp v. Heyman*, 469 Pa. 465, 366 A.2d 882 (1976), if the plaintiff fails to make a good faith effort to effectuate service of the writ within thirty days of its issuance, the original filing of the writ will not toll the statute. As our supreme court stated in *Lamp v. Heyman, supra:*

> [W]e rule that henceforth, i.e., in actions instituted subsequent to the date of this decision, a writ of summons shall remain effective to commence an action only if the plaintiff then refrains from a course of conduct which serves

> Did the filing of a Writ of Summons by the plaintiff and the subsequent steps taken to effectuate service suffice to toll the Statute of Limitations?

Briefs for Appellant at 2. In Appeals No. 1245, 1246, and 1247 Philadelphia 1985, appellant raises a second issue:

> Is the discovery rule properly applicable to a wrongful death and survival action where decedent's representatives were unable to ascertain that there was a causal connection between decedent's injury and negligence of another party and such discovery took place more than two years after decedent's death.

Brief for Appellant at 2. After carefully examining the record in the case, however, we must conclude that this second issue is waived, due to appellant's failure to raise it in the lower court. *See Neshaminy Water Resources Authority v. Del-Aware Unlimited, Inc.,* 332 Pa.Super. 461, 481 A.2d 879 (1984); Pa.R.A.P. 302(a).

5. Pa.R.C.P. No. 1009(a) was rescinded on June 20, 1985, effective January 1, 1986. A similar rule can now be found at Pa.R.C.P. Nos. 400 and 401.

to stall in its tracks the legal machinery he has just set in motion ... [A] plaintiff should comply with local practice as to the delivery of the writ to the sheriff for service. If under local practice it is the prothonotary who both prepares the writ and delivers it to the sheriff, the plaintiff shall have done all that is required of him when he files the praecipe for the writ; the commencement of the action shall not be affected by the failure of the writ to reach the sheriff's office where the plaintiff is not responsible for that failure. Otherwise, the plaintiff shall be responsible for prompt delivery of the writ to the sheriff for service.

*Id.*, 469 Pa. at 478–79, 366 A.2d at 889.

Subsequent decisions of our court have discussed the conduct which "serves to stall in its tracks the legal machinery" set by plaintiff when he files a praecipe for a writ of summons. *See, e.g., Delphus v. Kastanek*, 267 Pa.Super. 26, 405 A.2d 1285 (1979) (action was barred by statute of limitations where the action was timely filed, but plaintiff neglected to deliver writ to the sheriff for service until eight days beyond the thirty day expiration period for service). In *Jacob v. New Kensington Y.M.C.A.*, 312 Pa.Super. 533, 459 A.2d 350 (1983) our court interpreted *Lamp v. Heyman* as necessitating a case-by-case analysis of whether a plaintiff had made a good-faith effort to comply with the local service rules. While we found that the plaintiff in *Jacob* had made such a good-faith effort, there is no evidence in the instant case that appellant made any effort, let alone a good-faith effort, to comply with the local service rules. *See Robinson v. Trenton Dressed Poultry Co.*, 344 Pa.Super. 545, 496 A.2d 1240 (1985).

We find this case to be factually similar to *Weiss v. Equibank*, 313 Pa.Super. 446, 460 A.2d 271 (1983). In that case, the plaintiffs filed a praecipe for a writ of summons on the last day before the running of the applicable statute of limitations. However, they failed to give directions to the sheriff for service or pay for the costs of service, as required by local rules. The plaintiff/appellants in *Weiss*

explained those failures as unintentional mistakes. Despite their arguments that they did not intentionally stall service of the writ nor act in bad faith, our court affirmed the dismissal of plaintiffs' case, stating:

First, neglecting to pay the sheriff's fee was one of the examples given by the supreme court [in *Lamp v. Heyman* ], 469 Pa. at 472, 366 A.2d at 886, of methods used by plaintiffs to delay service of the writ. Second, simple neglect or mistake is an example of failing to fulfill the responsibility on plaintiff or his counsel to see to it that the requirements for service are carried out. *See Delphus v. Kastanek*, 267 Pa.Super. 26, 405 A.2d 1285 (1979). *Compare Pannill v. Seahorne*, 278 Pa.Super. 562, 420 A.2d 684 (1980). Untoward circumstances, such as a third person preventing delivery to the sheriff of the writ, may except a plaintiff from the rule of *Lamp, see, e.g., Sweet v. Ayres*, 277 Pa.Super. 236, 419 A.2d 749 (1980), but the facts of this case do not warrant such an exception.

*Id.*, 313 Pa.Super. at 455, 460 A.2d at 275.

In the case at bar, appellant's decedent died on May 23, 1981. Pursuant to 42 Pa.C.S. § 5524(2), appellant had to commence her action by May 23, 1983. On May 16, 1983, appellant filed a praecipe for a writ of summons, but failed to deliver the summons to the sheriff for service within thirty days. It was not until August 23, three months after the running of the statute of limitations, that appellant had the writ of summons reissued. Therefore, under *Lamp v. Heyman* and its progeny, appellant failed to perfect a cause of action against appellees within the time allowed by statute. Appellant's contention that there must be some bad-faith act or overt attempt to delay by plaintiff before the *Lamp v. Heyman* rule applies, is simply not born out by the caselaw. *See Weiss v. Equibank, supra.* Finally, appellant's contention that appellees must allege prejudice or hardship caused by the delay is not correct. A lack of prejudice to a defendant does not excuse a plaintiff's failure

to comply with the requirements of the applicable statute of limitations.

Statutes of limitations are statutes of repose and on their face they seek to create time bars which are mechanical in their application and have no relationship to the merits of the claim or whether, as in the case of laches, any harm results to the defendant from the delay.

Stephen M. Feldman, *Pennsylvania Trial Guide*, Vol. 2, Limitation of Actions § 22.2 (1978).

Accordingly, we affirm the orders of the lower court granting summary judgments in favor of appellees.

Orders affirmed.