515 A.2d 317

**John A. FEHER, Jr., a minor, by John A. FEHER and Katherine R. Feher, his parents and natural guardians, Appellants**

v.

**Rodney S. ALTMAN, M.D.**

Superior Court of Pennsylvania.

Argued March 24, 1986.
Filed Sept. 15, 1986.

John J. Ross, Aliquippa, for appellants.

Anita B. Folino, Pittsburgh, for appellee.

Before ROWLEY, WIEAND and DEL SOLE, JJ.

## OPINION OF THE COURT

ROWLEY, Judge:

This is an appeal from an order granting appellee's motion for summary judgment. The issue is whether appel-

lants made a good faith effort to notify appellee that they had instituted an action against him by filing a praecipe for a writ of summons two days before the statute of limitations ran on their claim. We agree with the trial court that appellants made no such good faith effort and affirm the summary judgment entered in favor of appellee.

Appellants, an injured minor and his parents, sought to bring an action in medical malpractice against appellee for allegedly negligent medical treatment performed by appellee on October 7, 1981. The applicable two year statute of limitations, 42 Pa.C.S. § 5524, required that the action be brought on or before October 7, 1983. On October 5, 1983, appellants' counsel filed a praecipe for a writ of summons. The trial court's opinion, dated August 30, 1985, states that "[p]laintiffs' counsel concedes that no instructions were ever given to the sheriff regarding service of the writ which was allowed to expire without delivery." In addition, the record reflects that the sheriff's fee for service of the writ was never paid.[1]

The original writ expired on November 4, 1983 without any effort having been made to have it served. On November 30, 1983, the writ was reissued, a complaint was filed, and the two documents were subsequently taken to the sheriff. The sheriff's fee was paid, instructions for service were given, and the sheriff served the reissued writ and complaint on December 5, 1983.

Appellee filed an Answer and New Matter averring that appellants' suit was barred by the applicable two year statute of limitations. Appellee subsequently filed a motion for summary judgment, stating that the action was barred by the two year statute of limitations because appellants had not delivered the originally issued writ to the sheriff and because the statute of limitations had expired before the writ was reissued. The trial court granted appellee's motion for summary judgment, and appellants appealed.

1. The appearance docket, as provided in the record, reflects that only one sheriff's fee was ever paid for service, and it was paid on December 2, 1983, three days before the reissued writ was served.

Appellants present only one question for appellate review: "Whether the statute of limitations has been tolled when Plaintiff commences a civil action by filing a Praecipe for Writ of Summons on October 5, 1983, (statute runs [sic] October 7, 1983), and Plaintiff reissues the Writ and files a Complaint on November 30, 1983, which Complaint is served on Defendant on December 5, 1983." Appellants contend that the statute was tolled, and they make several arguments in support of this contention.

■ First, appellants argue that the statute of limitations was tolled by simply filing the praecipe for a writ of summons, pursuant to Pa.R.C.P. 1007, on October 5, 1983. The mere filing of a praecipe for a writ of summons, without additional affirmative action to effect service of the writ, does not constitute a good faith effort to notify a defendant that he is being sued, and therefore is not sufficient to toll the statute of limitations and preserve a cause of action.

The Pennsylvania Supreme Court has stated,

[T]here is too much potential for abuse in a rule which permits a plaintiff to keep an action alive without proper notice to a defendant merely by filing a praecipe for a writ of summons and then having the writ reissued in a timely fashion without attempting to effectuate service. In addition, we find that such a rule is inconsistent with the policy underlying statutes of limitation of avoiding stale claims, and with that underlying our court rules of making the process of justice as speedy and efficient as possible.... Our purpose is to avoid the situation in which a plaintiff can bring an action, but, by not making a good-faith effort to notify a defendant, retain exclusive control over it for a period in excess of that permitted by the statute of limitations.

(Footnotes omitted.) *Lamp v. Heyman,* 469 Pa. 465, 477–78, 366 A.2d 882, 888–89 (1976). *See Watts v. Owens Corning Fiberglass Corp.,* 353 Pa.Super. 267, 509 A.2d 1268 (1986); *Robinson v. Trenton Dressed Poultry Co.,* 344 Pa.Super. 545, 496 A.2d 1240 (1985); *Pannill v. Seahorne,*

278 Pa.Super. 562, 420 A.2d 684 (1980); and *Snyder v. North-South Bowl, Inc.,* 263 Pa.Super. 328, 397 A.2d 1232 (1979).

At a minimum, the good faith effort required in *Lamp v. Heyman, supra,* mandates compliance with the Pennsylvania Rules of Procedure, and, importantly, local practice. *See Farinacci v. Beaver County Industrial Development Authority,* 510 Pa. 589, 511 A.2d 757 (1986).

> [A] plaintiff should comply with *local practice* as to the delivery of the writ to the sheriff for service. If under local practice it is the prothonotary who both prepares the writ and delivers it to the sheriff, the plaintiff shall have done all that is required of him when he files the praecipe for the writ; the commencement of the action shall not be affected by the failure of the writ to reach the sheriff's office where the plaintiff is not responsible for that failure. *Otherwise, the plaintiff shall be responsible for prompt delivery of the writ to the sheriff for service.* Cf. Pa.R.C.P. 1009.

(Emphasis added.) *Lamp v. Heyman,* 469 Pa. 465, 478–79, 366 A.2d 882, 889 (1976).

In ruling upon appellee's motion for summary judgment, Judge Mannix in his opinion of August 30, 1985, delineates exactly what constitutes local practice in Beaver County:

> "In Beaver County, the long established practice for the issuance and service of a Writ of Summons has been, and continues to be, as follows:
>
> 1. A Praecipe for Writ of Summons is filed with the Prothonotary and filing costs are paid;
>
> 2. After filing the Praecipe, the Plaintiff goes to the Sheriff's Office and gives written directions for service of the Writ;
>
> 3. At that time or at some time before the Sheriff attempts service of the Writ, the costs of service must be prepaid by the plaintiff;
>
> 4. After receipt of the Writ from the Prothonotary, receipt of written directions for service from the plain-

tiff and actual payment of service costs, the Sheriff attempts to make service upon the defendant."

(Slip Opinion at 2).

Good faith compliance with this local practice requires the plaintiff to take affirmative action to notify a defendant that an action has been filed against him. Thus, under the local practice in Beaver County, a good faith effort is comprised of paying the prothonotary's filing fee, giving the sheriff written instructions for service, and prepaying the sheriff for service. A plaintiff has not made a good faith effort when he fails to take those steps necessary to afford proper notice of the suit to the defendant. "As [the trial judge] observed, [the plaintiff], having filed the praecipe for issuance of writ of summons, took no action to serve the writ upon [the defendant]; thus, under the holding of *Lamp v. Heyman, supra,* [the plaintiff's] failure to do so served to nullify the commencement of his action." (Citations omitted.) *Robinson v. Trenton Dressed Poultry Co.,* 344 Pa.Super. 545, 552, 496 A.2d 1240, 1244 (1985). In this case, as in *Robinson,* appellants took no action to have the writ served on appellee and, therefore, their effort to institute this action timely was a nullity.

When a praecipe is filed but the writ is not served, the burden is on the plaintiff to show that he made a good faith attempt to have the writ served. In this case plaintiffs'-appellants' counsel had the burden of proving that he took some affirmative action calculated to provide notice of the suit to the defendant, yet he did not present the court with *any* evidence that he had made the requisite good faith effort. The record reflects that the evidence available for review before the trial court, when the motion for summary judgment was argued on August 26, 1985, consisted of: the praecipe, the writ, the complaint, the sheriff's return of the service of the complaint and reissued writ, an answer and new matter, an answer to the new matter, the motion for summary judgment, the answer to the motion for summary judgment, and a brief in support of dismissal of the motion for summary judgment. None of these documents contain

any indication that counsel made an effort to effect service of the original writ. Appellants' counsel took no depositions and did not file any affidavits indicating that a good faith effort to effect service had been made.

■ Thus, although appellants' counsel did not actively attempt to thwart service of the writ, he also did not take any affirmative action to see that the writ was served and to put the defendant on notice that an action had been filed against him. In failing to prepay the sheriff or give the sheriff instructions for service of the original writ, appellants' counsel failed to comply with local practice and thereby failed to demonstrate an affirmative good faith effort to provide notice to defendant. "Failure to do so served to nullify the commencement of his action." *Robinson v. Trenton Dressed Poultry Co.*, 344 Pa.Super. 545, 552, 496 A.2d 1240, 1244 (1985). Consequently, the reissued writ, without benefit of the original writ tolling the statute of limitations, was ineffective, because it was clearly filed and served beyond the period of the statute of limitations. Thus, the cause of action was not preserved.

■ Next, appellants argue that the local practice, in order to be effective, must be in writing. Pa.R.C.P. 239. We do not agree. It requires no formalized promulgation of a rule of procedure to make a litigant aware that the sheriff must be instructed where service should be made. Nor is the adoption of a local rule necessary to establish the proposition that the sheriff is entitled to demand prepayment of the cost of service. In fact, the instant record suggests that appellants' counsel was fully aware of such requirements. When the writ was reissued and the complaint finally filed, counsel then delivered written instructions for service to the sheriff together with prepayment of the sheriff's costs. In fact, appellants' counsel conceded at oral argument that the reason for not taking steps to have the original writ served was to avoid the additional expense incurred by having the writ served and then at a later time having the complaint served. His argument is without merit and is not supported by the record in this case.

■ Finally, appellants' argue, that their counsel "was not aware of the *Lamp v. Heyman* Case." Lack of knowledge of legal precedent does not justify a failure to comply with the Supreme Court's mandate and does not constitute an exception to the rule of *Lamp v. Heyman*. The decision in *Lamp v. Heyman, supra,* was filed seven years before the events involved here. Counsel's failure to be aware of that decision, and the cases that subsequently followed it, does not afford either the trial court or this Court reason to refuse to follow it.

Appellants have not demonstrated that the trial court erred in its application of law or committed an abuse of discretion. Appellants' course of action against this defendant is barred. Therefore, the trial court's order is affirmed.

Order affirmed.