635 A.2d 1070

**Betty GREEN, Appellant,**

v.

**Lawrence VINGLAS and Walter P. Vinglas and Chrissy Reed A/K/A Christine Reed A/K/A Christina Reed and Donald Mento A/K/A Don Mento C/O Niagra Plastic and Martin Lecomte President St. Pietro Di Roma Italian Society and St. Pietro Di Roma Italian Society.**

Superior Court of Pennsylvania.

Argued Oct. 19, 1993.

Filed Dec. 20, 1993.

Eric G. Zajac, Philadelphia, for appellant.

Kevin D. Persio, Ebensburg, for Vinglas & Mento, appellees.

J. Michael Dorezas, Hollidaysburg, for Reed & Lecomte, appellees.

Before CIRILLO, FORD ELLIOTT and CERCONE, JJ.

CIRILLO, Judge.

Betty Green appeals from a judgment entered in the Court of Common Pleas of Cambria County sustaining appellees' preliminary objections in the nature of a demurrer and dismissing Green's action with prejudice. We affirm.

The instant action arose from an incident that occurred at the St. Pietro Di Roma Italian Society (Italian Society), one of the appellees in this case. On the evening of January 24, 1990, Green, while at the Italian Society, was allegedly injured as a result of an altercation between four individuals—Lawrence Vinglas, Walter Vinglas, waitress Chrissy Reed, and the Italian Society's steward, Don Mento—all of whom are appellees. Nearly two years later, on January 22, 1992, Green's counsel filed a praecipe for writ of summons (writ) in Blair County. For reasons set forth below, the writ was not served on appellees within the requisite thirty day period. *See* Pa.R.C.P. 401.[1] A complaint was then filed on July 24, 1992 and was served on all but two of the appellees. The writ was reissued on October 6, 1992, and duly served. By agreement of the parties, venue was transferred from Blair County to Cambria County, since all of the appellees reside in Cambria County.

Appellees filed preliminary objections, asserting that Green's complaint should be dismissed with prejudice because the statute of limitations had expired before Green's lawsuit

1. Rule 401. Time for Service. Reissuance, Reinstatement and Substitution of Original Process. Copies for Service

  (a) Original process shall be served within the Commonwealth within thirty days after the issuance of the writ or the filing of the complaint.

* * * * * *

Pa.R.C.P. 401(a), 42 Pa.C.S.A.

was commenced. The trial court agreed and dismissed Green's action with prejudice.

The facts leading up to the dismissal are as follows. Green asserts that she made a good faith effort to have the writ served by instructing the Blair County Prothonotary to have the sheriff serve it as quickly as possible. Along with the writ, Green gave the Prothonotary a check in the amount of $50.00 for filing. As instructed, the Blair County Prothonotary forwarded the writ to the Sheriff's Office in Blair County. Apparently, in cases where service is to be made outside of Blair County, also called "deputized service,"[2] the standard local practice is to advance the costs required for service of the writ. (Affidavit of Pat Imler, clerk at Blair County Sheriff's Office).[3] In her affidavit, Green's counsel avers that the costs were not advanced to the Cambria County Sheriff because she did not realize that appellees were located in Cambria County rather than Blair County; she was not aware that deputized service was necessary. Green's counsel further contends that she never received a phone call from anyone at the Blair County Sheriff's Office or anyone in the Blair County Prothonotary's Office notifying her of the additional fees required for service of the writ to Cambria County. As a result, the writ was not delivered to the Cambria County Sheriff and service was not effectuated before the statute of limitations had run.[4]

Green appeals from the trial court's decision to dismiss the action and raises the following issue for our review:

2. Pennsylvania Rule of Civil Procedure 400(d) provides:
   If service is to be made by the sheriff in a county other than the county in which the action was commenced, the sheriff of the county where service may be made shall be deputized for that purpose by the sheriff of the county where the action was commenced.
   42 Pa.C.S.A. § 400(d).

3. We can find no Blair County local rule which specifically addresses the practice of deputized service, thus, we must look to affidavits in order to determine the county's "local practice."

4. It is undisputed that the applicable statute of limitations governing this action is two years. *See* 42 Pa.C.S.A. § 5524.

Whether appellant, after attempting in good faith to toll the statute of limitations and preserve her cause of action, should be denied her only remedy at law due to a clerical error beyond her control?

The trial court determined that Green "failed to meet her burden of good faith compliance" pursuant to the landmark case of *Lamp v. Heyman,* 469 Pa. 465, 366 A.2d 882 (1976).[5] Since all parties, along with the trial court, look to the *Lamp* decision to support their respective positions, we will examine *Lamp* and its progeny within the confines of the instant set of facts.

In *Lamp,* just days before the expiration of the two-year statute of limitations, plaintiff's attorney filed a praecipe for a writ of summons against the defendants for personal injuries sustained in an accident.[6] Instead of delivering the writ to the sheriff for service, however, the plaintiff instructed the prothonotary to "issue and hold" the writ. In other words, no service was effectuated. A praecipe for reissuance of the writ, along with service, was made at a much later date. The defendants filed preliminary objections claiming that the original writ was a nullity due to plaintiff's "issue and hold" instructions and was, therefore, barred by the statute of limitations.

**5.** We note that where noncompliance with *Lamp* is alleged, an abuse of discretion standard of review applies. *See Farinacci v. Beaver County Indus. Development,* 510 Pa. 589, 511 A.2d 757 (1986).

**6.** A writ may be defined as follows:

[A] written precept running in the name of the state, issuing from a court of justice and sealed with its seal, addressed to the officer of the law or directly to a person whose action the court desires to command, either as the commencement of the suit or other proceedings or as incidental to its progress, and requiring performance of a specific act, or giving authority and commission to have it done. Any writ is process, the two terms being interchangeable. Indeed, any means of acquiring jurisdiction is properly denominated 'process.'

*Standard Pennsylvania Practice,* Vol. 2, § 10:1.

Additionally,

[t]he principal object or purpose of original process is to give to the party to whom it is addressed, or the party to be notified, notice of the proceedings against him, so that he may properly prepare himself to answer the claim or charge.

*Id.* at § 10:3.

The Pennsylvania Supreme Court held that, pursuant to what is now Pa.R.C.P. 401(b)(5),[7] when the writ was reissued, plaintiff's action was not barred by the statute of limitations. This, however, was not the end of the Court's decision. In deciding whether the "issue and hold" instructions rendered the original filing ineffective, the Court set forth the following rule:

> [W]e rule that henceforth, i.e., in actions instituted subsequent to the date of this decision, a writ of summons shall remain effective to commence an action only if the plaintiff then refrains from a course of conduct which serves to stall in its tracks the legal machinery he has just set in motion. . . . [A] plaintiff should comply with local practice as to the delivery of the writ to the sheriff for service. If under local practice it is the prothonotary who both prepares the writ and delivers it to the sheriff, the plaintiff shall have done all that is required of him when he files the praecipe for the writ; the commencement of the action shall not be affected by the failure of the writ to reach the sheriff's office where the plaintiff is not responsible for that failure. Otherwise, the plaintiff shall be responsible for prompt delivery of the writ to the sheriff for service.

*Lamp,* 469 Pa. at 478–79, 366 A.2d at 889. *See also Rosenberg v. Nicholson,* 408 Pa.Super. 502, 506, 597 A.2d 145, 147 (1991), *appeal denied,* 530 Pa. 633, 606 A.2d 903 (1992); *Leidich v. Franklin,* 394 Pa.Super. 302, 308, 575 A.2d 914, 917 (1990), *appeal denied,* 526 Pa. 636, 584 A.2d 319 (1990); *Feher By Feher v. Altman,* 357 Pa.Super. 50, 53, 515 A.2d 317, 319 (1986), *appeal denied,* 515 Pa. 622, 531 A.2d 430 (1987); *Gould*

**7.** Rule 401. Time for Service. Reissuance, Reinstatement and Substitution of Original Process. Copies for Service

(b)(5) If an action is commenced by writ of summons and a complaint is thereafter filed, the plaintiff instead of reissuing the writ may treat the complaint as alternative original process and as the equivalent for all purposes of a reissued writ, reissued as of the date of the filing of the complaint. Thereafter the writ may be reissued, or the complaint may be reinstated as the equivalent of a reissuance of the writ, and the plaintiff may use either the reissued writ or the reinstated complaint as alternative original process.

Pa.R.C.P. 401(b)(5), 42 Pa.C.S.A.

*v. Nazareth Hospital,* 354 Pa.Super. 248, 251, 511 A.2d 855, 857 (1986); *Watts v. Owens–Corning Fiberglas Corp.,* 353 Pa.Super. 267, 270, 509 A.2d 1268, 1270 (1986), *appeal denied,* 514 Pa. 632, 522 A.2d 559 (1987).

In support of this ruling, the *Lamp* court espoused this rationale:

> [T]here is too much potential for abuse in a rule which permits a plaintiff to keep an action alive without proper notice to a defendant merely by filing a praecipe for a writ of summons and then having the writ reissued in a timely fashion without attempting to effectuate service. In addition, we find that such a rule is inconsistent with the policy underlying statutes of limitation of avoiding stale claims, and with that underlying our court rules of making the process of justice as speedy and efficient as possible.... Our purpose is to avoid the situation in which a plaintiff can bring an action, but, by not making a good-faith effort to notify a defendant, retain exclusive control over it for a period in excess of that permitted by the statute of limitations.

*Lamp,* 469 Pa. at 477–78, 366 A.2d at 888–89 (footnotes omitted); *see also Rosenberg, supra; Leidich, supra; Feher, supra; Gould, supra; Watts, supra.*

"[O]ne's 'good faith' effort to notify a defendant of the institution of a lawsuit is to be assessed on a case-by-case basis[.]" *Leidich,* 394 Pa.Super. at 311, 575 A.2d at 918. While there is no mechanical approach to apply in determining what constitutes a good faith effort to effectuate service, it is the plaintiff who has the burden of showing that his/her efforts were reasonable. *Rosenberg,* 408 Pa.Super. at 506, 597 A.2d at 147. "At a minimum, the good faith requirement in [*Lamp* ] mandates compliance with the Pennsylvania Rules of Civil Procedure and, importantly, local practice." *Feher,* 357 Pa.Super. at 54, 515 A.2d at 319; *see Farinacci v. Beaver County Industrial Development Authority,* 510 Pa. 589, 511 A.2d 757 (1986). Depending upon the process in a particular county, stalling the legal machinery can be accomplished "by instructing either the prothonotary or the sheriff to hold the

writ, by personally retaining the writ and not delivering it to the sheriff for service, *or by neglecting to pay the sheriff his fee.*" *Farinacci,* 510 Pa. at 593–94, 511 A.2d at 759 (quoting *Lamp,* 469 Pa. at 472, 366 A.2d at 886).

Were we to look only at the *Lamp* decision itself, it would appear that Green has not engaged in the evils that *Lamp* was seeking to prevent when she unwittingly failed to pre-pay the sheriff's office for deputized service. This was obviously an unintended delay. Clearly, the effect of *Lamp* should not be to punish those who make a good faith effort to comply with the local rules. When we look at the cases decided subsequent to *Lamp,* however, it appears as though Green has not met her burden of proving that she made a good faith effort to comply with local practice.

In *Weiss v. Equibank,* 313 Pa.Super. 446, 460 A.2d 271 (1983), for instance, plaintiffs filed a writ on the last day before the running of the statute. They failed, however, to give directions to the sheriff for service or to pay for the costs of service, as required by the local rules. In affirming the dismissal of plaintiffs' case, this court stated:

> First, neglecting to pay the sheriff's fee was one of the examples given by the supreme court [in *Lamp v. Heyman* ], of methods used by plaintiffs to delay service of the writ. Second, simple neglect or mistake is an example of failing to fulfill the responsibility of plaintiff or his counsel to see to it that the requirements for service are carried out. Untoward circumstances, such as a third person preventing delivery to the sheriff of the writ, may except a plaintiff from the rule of *Lamp,* but the facts of this case do not warrant such an exception.

*Weiss,* 313 Pa.Super. at 455, 460 A.2d at 275 (citations omitted); *accord Watts,* 353 Pa.Super. at 270, 509 A.2d at 1270.

*Rosenberg, supra,* echoed the rationale set forth in *Weiss.* There, it was determined that simple neglect regarding service requirements "may be sufficient to bring the rule in *Lamp* to bear[;] [t]hus, conduct that is unintentional that works to delay the defendant's notice of the action may

constitute a lack of good faith on the part of the plaintiff." *Rosenberg*, 408 Pa.Super. at 510, 597 A.2d at 148. In *Rosenberg*, the appellant twice attempted to serve appellee at an incorrect address. In finding a lack of good faith on the part of the appellant, this court upheld the dismissal of appellant's complaint, as the statute of limitations had run.

In *Feher, supra*, another analogous case, it was determined that good faith compliance with the local practice in Beaver County required paying the prothonotary's filing fee, giving the sheriff written instructions for service, and prepaying the sheriff for service. Plaintiff failed to give instructions to the sheriff and failed to prepay the sheriff for service. In finding that the plaintiff did not meet his burden of good faith in attempting to have the writ served, we stated:

> Thus, although appellant's counsel did not actively attempt to thwart service of the writ, he also did not take any affirmative action to see that the writ was served and to put the defendant on notice that an action had been filed against him. In failing to prepay the sheriff or give the sheriff instructions for service of the original writ, appellants' counsel failed to comply with local practice and thereby failed to demonstrate an affirmative good faith effort to provide notice to defendant.

*Feher*, 357 Pa.Super. at 56, 515 A.2d at 320. *See also Farinacci, supra* (where plaintiff neglected to deliver requisite instructions and payment to sheriff, and failed to provide an explanation for counsel's inadvertence, Pennsylvania Supreme Court was constrained to hold that dismissing plaintiff's action was proper).

In light of the foregoing case law, Green's attempt to categorize the failure to effectuate service as "a clerical error beyond her control" is inaccurate. Rather, judging from the cases finding noncompliance with *Lamp*, Green did not meet her burden of good faith when she filed the writ two days before the statute of limitations expired and neglected to advance the necessary costs for deputized service as required by local practice. Furthermore, appellees were not notified of

the action until approximately seven months after the statute of limitations had expired.

In conclusion, we find no abuse of discretion on the part of the trial court in dismissing the instant action. The complaint and reissued writ, without benefit of the original writ tolling the statute of limitations, was not effective, thus, the action was not preserved.

Judgment affirmed.