Linda **DENOCHICK**, et al.

v.

**Rapistan DEMAG.**

**No. Civ. A. 01–1353.**

United States District Court, E.D. Pennsylvania.

June 14, 2001.

---

L. Bruce Hoffman, Trevose, PA, for plaintiffs.

Samuel W. Silver, Gillian Thomas, Schnader, Harrison, Segal & Lewis, Philadelphia, PA, for defendant.

### MEMORANDUM

BARTLE, District Judge.

This is a personal injury action recently removed from the Court of Common Pleas of Bucks County, Pennsylvania on the basis of diversity of citizenship. The alleged accident in issue occurred on November 10, 1994.

Before the court is the motion of defendant to dismiss under Rule 12(b)(5) of the Federal Rules of Civil Procedure for insufficiency of service of process and under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. After the motion to dismiss was filed, we gave the parties time to conduct discovery regarding service of process.

Plaintiffs instituted this action in the state court on October 18, 1996, by the filing of a praecipe for a writ of summons. Since the statute of limitations in Pennsylvania is two years for negligence claims and claims for strict liability under § 402A of the Restatement (Second) of Torts, the praecipe was filed less than a month before the action would have been time barred. *See* 42 Pa.Cons.Stat.Ann. § 5524(7). To the extent plaintiff was also alleging a breach of an implied warranty, the governing limitation period is four years, making the expiration date November 9, 1998. *See* 13 Pa.Cons.Stat.Ann. § 2725. Under the Pennsylvania Rules of Civil Procedure, a plaintiff may commence an action by either filing a complaint or by doing what plaintiff did in this case. Pa. R.Civ.P. 1007. The filing of the praecipe

for a writ of summons stops the running of the statute of limitations but only if the plaintiff makes "a good faith effort to effectuate service of the writ" during the life of the writ. *Farinacci v. Beaver County Indus. Dev. Auth.,* 510 Pa. 589, 511 A.2d 757, 760 (1986); *see Moses v. T.N.T. Red Star Express,* 725 A.2d 792, 796 (Pa.Super.1999). If the defendant is outside the Commonwealth, as is the situation here, the plaintiff is required to serve or make a good faith effort to effectuate service of the writ on the defendant within 90 days. *See* Pa.R.Civ.P. 404.

The Pennsylvania Rules permit service of process to be made outside of the Commonwealth by "any form of mail *requiring a receipt signed by the defendant or his authorized agent.*" Pa.R.Civ.P. 403, 404 (emphasis added). Rule 405(e) provides, "The return of service or of no service shall be filed with the prothonotary." When service is made by someone other than the sheriff, the return of service must be in the form of an affidavit and "include a return receipt signed by the defendant." Pa.R.Civ.P. 405(c). If there has been no service, "the affidavit shall set forth with particularity the efforts made to effect service." Pa.R.Civ.P. 405(d).

The defendant has filed an affidavit that it never received the writ of summons. It maintains that it was not served with any papers until February 26, 2001 when it was mailed a copy of the complaint. It is undisputed that the complaint was not filed until February 20, 2001, over four years after the writ of summons was issued by the Prothonotary and long after

the statute of limitations had expired for all claims.[1]

Plaintiffs contend that the writ was forwarded to defendant by certified mail return receipt requested on October 21, 1996, a few days after it was issued. A copy of what is purportedly the cover letter from plaintiffs' counsel to defendant enclosing the writ has been supplied to the court.[2] However, the plaintiffs concede that they do not have the return receipt and that they never filed it with the state court. They claim that the receipt was apparently lost as a result of the disbanding of the plaintiffs' lawyers' law firm a number of years ago. In further support of their position that service was properly made, plaintiffs refer to correspondence with defendant's insurance carrier on two occasions, once in August, 1996 before the suit was filed and once in March, 1997, when the carrier refused to send someone to Pennsylvania for an inspection. There were also three telephone conversations with a representative of plaintiffs' insurer, two before suit was filed and one in March, 1997. Significantly, there is no evidence that the insurer ever knew about the issuance of any writ of summons or about the commencement of a lawsuit.

■ We must first determine whether defendant was actually served with the writ in October, 1996. Having considered the evidence before us, we find that plaintiffs have not met their burden of proof in this regard. *See Feher by Feher v. Altman,* 357 Pa.Super. 50, 515 A.2d 317, 320 (1986). Under the circumstances, the affidavit of defendant rings true. The October 21, 1996 cover letter purportedly en-

---

**1.** This action was timely removed after the filing of the complaint. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999).

**2.** Inexplicably, the copy of the praecipe for writ of summons on which plaintiffs rely is

time stamped by the Prothonotary's Office "97 Oct 18 P.M. 12:00"—*a year* after the action was instituted. While the copy of the writ itself has a handwritten date of "10–18–96," it is not time stamped.

closing the writ stated, "... in accordance with the Pennsylvania Rules of Civil Procedure, you must answer same [writ of summons] within twenty days or a default judgment may be entered against you." If this letter had been received and the writ of summons served, we think an attorney for the defendant, an insured corporation, would have entered an appearance on the docket and otherwise taken action to protect its interests, in light of the warning of plaintiffs' counsel about a default judgment and the insurer's knowledge about the claims before the suit was instituted.

In addition, plaintiffs' reliance on the mailing of the attorney's cover letter without more is insufficient proof of service. To avoid the very problem we face here, Rule 405 of the Pennsylvania Rules of Civil Procedure requires not only a signed receipt but the filing of a return of service attaching the signed receipt. As noted, the all-important signed receipt is nowhere to be found. Its absence is a problem for two reasons. First, we have no reliable evidence that the defendant ever received the writ. Second, even if a receipt had been returned, we would need to determine if it was signed by someone who was authorized to accept service on behalf of the corporation. *See* Pa.R.Civ.P. 424; *Grand Entertainment Group, Ltd. v. Star Media Sales, Inc.,* 988 F.2d 476, 485 (3d Cir.1993). Without the receipt with the signature of someone authorized to accept service, any finding at this late date that service was actually made would be pure speculation.

We must next determine whether plaintiffs made a good faith effort to effectuate service within the 90 day period allowed in accordance with the Pennsylvania Rules. If the plaintiffs did not serve the writ or did not make a good faith effort to serve the writ within 90 days so as to give prompt notice to the defendant of the pendency of the action, the action no longer remains alive and should now be dismissed. *See Farinacci,* 511 A.2d at 760; *Moses,* 725 A.2d at 796–97; *Feher,* 515 A.2d at 320. "At a minimum, the good faith effort required ... mandates compliance with the Pennsylvania Rules of Procedure, and importantly, local practice." *Feher,* 515 A.2d at 319. The conduct of plaintiff does not have to be some "overt act" to delay service. "Simple neglect and mistake to fulfill the responsibility to see that requirements for service are carried out may be sufficient to bring the rule ... to bear." *Rosenberg v. Nicholson,* 408 Pa.Super. 502, 597 A.2d 145, 148 (1991). Whether or not the requisite effort was made is determined on a case by case basis. *See Farinacci,* 511 A.2d at 759; *Moses,* 725 A.2d at 796.

We find that plaintiffs failed to make a good faith effort to effectuate service. Pennsylvania has specific rules to assure that a defendant beyond its borders receives actual notice of a lawsuit pending against it. The Rules provide for prompt service by mail, a signed return receipt, and recordation of the signed receipt and other relevant facts relating to service, all with a view to establishing that service was properly accomplished or, if service could not be completed, that a good faith effort was made to do so. Plaintiffs did not comply with these rules. *See Feher,* 515 A.2d at 320. If the signed receipt was returned, it should have been filed promptly, along with an affidavit. *See* Pa.R.Civ.P. 405. If it was lost, plaintiffs, as an act of good faith, should have promptly brought this fact to the attention of defendant and the Court of Common Pleas of Bucks County so that the deficiency could have been rectified in an expeditious manner. *See Feher,* 515 A.2d at 320. Instead, plaintiffs did nothing and let the clock tick. Now, after more than four years of repose

since the filing of the praecipe for a writ of summons on October 18, 1996, plaintiffs cannot rely on the break-up of their attorney's law firm and the alleged loss of the return receipt as an excuse to allow this case to go forward. Clearly, their predicament is a result of their own neglect. *See Rosenberg*, 597 A.2d at 148.

■ Furthermore, if for some reason service could not have been made within 90 days, a procedure exists for extending the life of the writ. Upon praecipe and the presentation of the original writ, the Prothonotary must reissue the writ in order to "continue its validity" so long as reissuance is sought within the 90 day period. Pa.R.Civ.P. 401(b); *see Moses*, 725 A.2d at 796. The docket reflects no effort on plaintiffs' part to have the writ of summons reissued. Although the docket does record the filing of "certificates of active status" on November 12, 1998 and December 12, 2000, these unilateral acts on the part of the plaintiffs are not the acts of the Prothonotary reissuing the writ. In any event, there is no indication that plaintiffs ever gave notice of the certificates to defendant.

The belated filing of the complaint on February 20, 2001, over four years after the action was commenced and long after the limitation periods had expired for all claims, does not suffice. *See Lamp v. Heyman*, 469 Pa. 465, 366 A.2d 882, 888–89 (1976). The accident in issue having occurred more than six years ago, the plaintiffs' claims are now stale, and the action must be dismissed for insufficiency of service of process.