557 A.2d 782

**Richard A. GUTMAN, Esquire, Appellant,**

v.

**Dolores GIORDANO,**

v.

**VALLEY GREENE APARTMENTS, Addl. Def.**

Superior Court of Pennsylvania.

Argued Dec. 14, 1988.

Filed April 28, 1989.

Richard Gutman, Philadelphia, for appellant.

Mark S. Keenheel, Philadelphia, for Giordano, appellee.

Before CAVANAUGH, McEWEN and POPOVICH, JJ.

CAVANAUGH, Judge:

Appellant, Richard A. Gutman seeks reversal of an order which granted summary judgment against him. We con-

clude that summary judgment should not have been entered and therefore, we reverse.

The history of the present matter is that in 1981 appellee, Dolores Giordano, filed a complaint in equity against Richard A. Gutman and Valley Greene Apartments, Inc. The suit concerned the sale of Gutman's stock in Valley Greene, a cooperative apartment house, to Giordano. Gutman counterclaimed seeking damages for the unpaid balance on the purchase agreement for the apartment. The matter came to trial in December, 1986, but after one day of trial the case was continued and returned to the civil trial list. It was again listed for trial on March 19, 1987 and when Giordano failed to appear at the call of the trial list, a judgment of non pros was entered by the calendar judge. No action was taken by Giordano or Gutman to remove the non pros. On April 20, 1987, Gutman commenced an action against Giordano for the balance of the purchase price under the sales agreement which had been the basis for his counterclaim to the original suit. Giordano filed an answer, new matter and counterclaim and subsequently filed a motion for summary judgment. The trial court entered the order which dismissed Gutman's complaint and this appeal followed.[1] The reasoning of the trial court in granting the summary judgment was that by reason of Gutman's failure to appeal from or seek to open the judgment of non pros of March 19, 1987, the order became *res judicata* and could not therefore be the subject of another suit.

Curiously, neither party on appeal had addressed the application of this doctrine to the present case. Our view, nevertheless is that *res judicata* does not apply to the non pros as a bar to a subsequent suit involving the same subject matter. We have recently stated:

> *Res judicata* applies when, in two actions, there is (1) an identity in the thing sued upon (2) identity in the cause of action (3) identity of persons and parties to the action, and (4) identity of the capacity of the partners suing or sued.

---

1. Although suit was initiated by summons, a complaint was later filed.

The essential inquiry is whether the ultimate and controlling issues have been decided in a prior proceeding in which the parties had an opportunity to appear and assert their rights.  In making this evaluation our courts have looked to the basic issues and the harm sought to be remedied in the separate suits.  For a prior class action judgment to bar an action on the basis of *res judicata* the parties must be identical in both suits; the prior judgment must have been entered by a court of competent jurisdiction; there must have been a final judgment on the merits and the same cause of action must be presented in both cases.

*In re Jones & Laughlin Steel Corp.*, 328 Pa.Super. 442, 477 A.2d 527 (1984).  (citations omitted)

■ It is apparent that a non pros for failure to answer a trial listing is not an adjudication on the merits and thus may not form the basis for application of *res judicata*.  Our court has recently specifically so held.  *Hatchigian v. Koch*, 381 Pa.Super. 377, 553 A.2d 1018 (1989).  Accordingly, we examine the arguments on appeal.

Of course, it is settled that notwithstanding the rationale of the trial court we may affirm the decision of that court if the result is correct on any ground.  *Penn Piping, Inc. v. Insurance Company of North America*, 382 Pa.Super. 19, 554 A.2d 925 (1989).

■ The issue raised on appeal by appellant Gutman is broadly stated as whether the trial court erred in granting the dismissal "where the statute of limitations applicable to said cause of action had not run".  As previously noted the lower court did not address any statute of limitations issue and the parties on appeal raise the issue in the context of whether after the present action was commenced, admittedly within the applicable six years after the cause of action accrued on July 1, 1981, the plaintiff-appellant failed to have the process properly served upon appellee until August 20, 1987, a period beyond the running of the six year statute.  Appellee cites a line of cases commencing with *Lamp v. Hayman*, 469 Pa. 465, 366 A.2d 882 (1977).  Be-

fore reaching this issue, we must first decide whether, *res judicata* principles aside, it was permissible to file the present action in the face of the prior non pros.

First we observe that the judgment of non pros does not contain any language that it was entered with prejudice.[2] The significance of orders "with" and "without" prejudice was recently explained by Judge Johnson of this court.

When an action is dismissed, with prejudice, for failure to prosecute a claim, it is contemplated that that action is terminated unless the plaintiff takes positive steps to reinstate the cause of action within the applicable period of the statute of limitations. As the Commonwealth Court explained in *Thompson v. Cortese*, 41 Pa.Commw. 174, 398 A.2d 1079 (1979), when an action is dismissed with prejudice for failure to prosecute a claim, it is not a denial of relief to the plaintiff because it is not an adjudication on the merits; rather, it means only that the plaintiff whose complaint is thus dismissed cannot reinstate that complaint unless he first petitions the court to exercise its discretion to remove the non pros and establishes certain fact. *Id.* at 178, 398 A.2d at 1082. The underlying reasons for such a policy are clear—prompt, final conclusion of pending matters, and removal from the docket of cases which would otherwise clutter it for an unreasonable length of time.

Like a dismissal with prejudice for failure to prosecute a claim, a dismissal without prejudice is not intended to be *res judicata* of the merits of the controversy. Unlike a dismissal with prejudice for failure to prosecute a claim, however, the phrase "without prejudice" ordinarily imports the contemplation of further proceedings. Thus, it is clear that the same considerations of prompt, final

2. The order states:
 AND NOW, to wit, this 19th day of March, 1987, it is hereby ORDERED that a Judgment of Non Pros be entered in the above captioned matter for failure to appear at the Call of the List for assignment for trial.
 BY THE COURT:
  <u>Gafni</u>
  J.

conclusion of pending matters, and avoidance of cluttering the docket for an unreasonable length of time are not present.

*Robinson v. Trenton Dressed Poultry Co.,* 344 Pa.Super. 545, 551, 496 A.2d 1240, 1243 (1985). (citations omitted) We do not see that the failure to include the words "without prejudice" should change the effect of the order entered in this case and that it must be considered as a "without prejudice" order since the court did not attempt to give any added significance to the order.[3] Moreover, our courts have held that when a case is dismissed on the basis of a non pros it does not bar a subsequent suit for the same cause of action so long as filed within the applicable statute of limitations. *Gordon–Stuart Ltd. v. Allen Shops,* 239 Pa. Super. 35, 361 A.2d 770 (1976); *Bucci et al. v. Detroit Fire and Maine Ins. Co.,* 109 Pa.Super. 167, 167 A. 425 (1933); *Doner v. Jowitt and Rodgers Co.,* 299 Pa.Super. 492, 445 A.2d 1237 (1982); *Haefner v. Sprague,* 343 Pa.Super. 342, 494 A.2d 1115 (1985).[4] ("The legal effect of the entry of a judgment of non pros is not such as to preclude a plaintiff who suffers such a judgment from instituting another suit on the same cause of action provided, however, that the second suit is brought within the period of the statute of limitations.") Thus, it appears that there is no bar to the institution of the present suit.

We return to appellee's argument that appellant failed to act in good faith, with due diligence, and expeditiously to effect service. The claim is that Gutman, an attorney "stalled" the proceedings by failing to direct ser-

3. Appellant argues that it was error for the court to enter a non pros. However, the present appeal is not from the non pros order and we may not consider any attacks on the propriety of that order. It is also argues that the non pros was entered against the appellee only. However, non pros (see F.N.2) was general in its terms and can only be fairly read to apply to both the complaint and the counterclaim.

4. There is the additional requirement that the costs be tendered prior to the filing of the second suit. Appellant argues in his brief that the costs have been tendered. There is nothing in the record on this. On the other hand appellee does not argue that costs have not been tendered.

vice to Giordano's residence (which was formerly his own). Instead, service was directed to be made at her part-time place of employment where she was not served presumably because she was there only two days a week. Service was finally made (after the writ was reissued several times) at her home but, appellant argues that the date of service, August 20, 1987, was beyond the applicable six year statute of limitations. Appellant argues that it was appropriate to seek to serve Giordano at her place of employment in center city rather than at her apartment complex; that the writ was properly reissued and only when it appeared that attempted service at appellee's place of employment would be unsuccessful because the employer had ceased operating was the direction given to seek service at her home.

In *Lamp v. Hayman*, 469 Pa. 465, 366 A.2d 882 (1976) our Supreme Court held that a writ of summons shall remain effective to commence an action only if the plaintiff then refrains from a course of conduct which serves to stall in its tracks the legal machinery which is set in motion. Here, we do not see that Gutman's instructions to seek service upon appellee at her place of employment represents a lack of good faith effort to notify Giordano that she had been sued. This is not a case where there was a failure to deliver the writ to the sheriff for service. Compare *Feber v. Altman*, 357 Pa.Super. 50, 515 A.2d 317 (1986); *Robinson v. Trenton Dressed Poultry, supra*. Since it is agreed that Giordano was employed, albeit part-time, where service was first attempted, appellant's efforts at effecting service do not demonstrate a lack of good faith or an effort to stall the legal machinery. *Sweet v. Ayres*, 277 Pa.Super. 236, 419 A.2d 749 (1980); *Gould v. Nazareth Hospital*, 354 Pa.Super. 248, 511 A.2d 855 (1986).

We conclude that the trial court erred in entering the order which granted summary judgment and dismissed the complaint.

Order reversed.