## Huey v. Parris

*Ilissa Zimmerman,* for plaintiff.
*Joel M. Kormanski,* for counterclaim defendant.
*Joseph A. Grappone,* for defendant.

CARPENTER, *J.,* July 22, 1991—This matter comes before the court on a motion filed by plaintiff, Joyce Huey, for judgment on the pleadings seeking a dismissal of defendant's counterclaim. The issue presented for determination by the court is whether defendant's counterclaim is barred by either res judicata or collateral estoppel as a result of defendant's failure to appeal a judgment, which was entered by District Justice Kelly with respect to defendant's same counterclaim, when it had previously been filed with the magistrate as a separate complaint with defendant, then the initiating party (plaintiff).

The important background facts are as follows. On September 21, 1990, plaintiff, Joyce Huey, filed a complaint before District Justice Todd Kelly to claim no. TA262-90. Subsequently, the cause of action which is now asserted as a counterclaim was filed by defendant against plaintiff to the same claim number as set forth above on October 24, 1990. On December 3, 1990, a hearing was held before District Justice Kelly regarding the two complaints. Justice Kelly entered two separate judgments. The first judgment with regard to the Huey complaint resulted in the entry of a judgment in favor of the Hueys against David Parris in the amount of $2,342.12. The second judgment with regard to the Parris (counterclaim) complaint was a judgment entered in favor of defendant Huey. David Parris timely appealed the judgment entered against him in the first instance on the action filed by Joyce Huey. However Mr. Parris filed no appeal to the district justice judgment entered against him on his counterclaim complaint. Despite having failed to appeal the judgment entered against him on his own cause of action, he subsequently proceeded to file a second complaint before District Justice Kelly on Decem-

18

ber 28, 1990, for the same damages which had previously been scheduled to be heard on December 3, 1990. A hearing was held before Justice Kelly on February 11, 1991, with regard to this second filing at which time the district justice proceeded to dismiss said complaint because a judgment had already been entered on the same cause of action. Mr. Parris had not appeared at the December 3, 1990, proceeding and, as a result, the earlier judgment was not based on an evidentiary hearing but rather for his failure to appear.

Joyce Huey filed the present action to no. 2253 CP 1990 in response to the timely appeal filed by Mr. Parris on the money judgment that had been entered in her favor by District Justice Kelly. Mr. Parris further in filing his answer to the present complaint included therein a counterclaim for the same damages yet again which had been sought in the district justice complaints previously filed. The matter is now ripe for disposition.

Defendant, Mr. Parris, argues that since there has been no adjudication on the merits that the judgment entered by District Justice Kelly was, in fact, a non pros and that, accordingly, another suit on the same cause of action can be commenced at any time within the statute of limitations. *Gutman v. Giordano,* 384 Pa. Super. 78, 557 A.2d 782 (1989). He further cites the case of *Hatchigian v. Koch,* 381 Pa. Super. 377, 553 A.2d 1018 (1989), for the proposition that since a non pros is not a judgment on the merits it cannot have res judicata affect.

Plaintiff, Joyce Huey, argues that since the judgment entered by District Justice Kelly was entered in two separate judgments, it required Mr. Parris to file a timely appeal or that judgment would become the final judgment in the case. Plaintiff concludes

that since no appeal was filed the default judgment conclusively bars defendant from attacking the judgment collaterally since he failed to properly appeal the same. Our review of the case finds us in accord with the position of plaintiff, it being our view that res judicata must apply and judgment on the pleadings must be granted.

In so holding, we do not dispute the fundamental contention of defendant that res judicata does not apply where a non pros has been entered. See *Gutman v. Giordano, supra,* where the court correctly states:

"Res judicata applies when, in two actions, there is (1) an identity in the thing sued upon, (2) identity in the cause of action, (3) identity of persons or parties to the action, (4) identity of the capacity of the partner suing or sued.

*"The essential inquiry is whether the ultimate and controlling issues have been decided in a prior proceeding in which the parties had an opportunity to appear and assert their rights."* Citing *In re Jones and Laughlin Steel Corporation,* 328 Pa. Super. 442, 477 A.2d 527 (1984). (emphasis added)

In the instant case, the proceeding before Magistrate Kelly in our judgment did decide the proceeding and the parties did have an opportunity to appear and assert their rights. This is not a case such as *Gutman* where a non pros was entered for failure to answer a call of the trial list. Nor is it a case such as *Hatchigian* where again a non pros was entered upon plaintiff's failure to file a complaint in the common pleas court after timely appealing the judgment of a district justice. In neither of these instances was plaintiff afforded an opportunity to appear and assert his rights. The matters were non prossed prior to that point. Here, that is not the

case. Defendant was afforded such an opportunity before the district justice and for his own reasons did not attend. Consequently, much as in the case of *A.C. Elfman & Sons Inc. v. Kline,* 355 Pa. Super. 394, 513 A.2d 488 (1986), the district justice's judgment must be accorded res judicata effect where the doctrine of res judicata is otherwise applicable. This is true since in this case, as in *Elfman,* the failure to file the timely appeal has effectively rendered this court without jurisdiction to entertain further proceedings as the only subsisting judgment in this matter is the district justice's judgment which could only properly be challenged through the procedure set forth for an appeal. Were we now to entertain this counterclaim then, in effect, two valid judgments would exist. This is inconsistent with the rules.

We believe that it is also inconsistent with the powers granted to the district justice office and the public policy which supports those powers. We are reminded in reviewing this matter that our magistrates are, in the final analysis, a small claims court whose business it is to resolve cases within certain statutory limits in order to reduce the burden on the county court of common pleas. Consistent with this power, Rule 319 of the Rules of Civil Procedure relating to the district justice severely limits the options which a magistrate has in the resolution of matters which have been scheduled for hearing. In fact, the magistrate's options are limited to entering a *judgment* against a non-appearing party or granting a continuance. Here, the magistrate entered a judgment as is clearly evidenced on the face of the decision. This was not entered as a default judgment but as a judgment and, in fact, there is no provision for the magistrate entering a default judgment. The rule specifically provides that it is a judgment that is

entered. As such, any relief to which this defendant is entitled must have come through the appellate process. To hold otherwise would completely emasculate Rule 319 as it applies to plaintiffs, since in the event of their non-appearance they could simply refile and the rule with respect to judgments and continuances would be rendered a nullity (except in the limited circumstances where the statute of limitations might expire between the two filings).

We cannot believe that this was the legislature's intention in drafting Rule 319, nor that it makes practical sense in dealing with small claims since to permit the defendant in this case to proceed means, in effect, that having already been afforded a day in court, they could have proceeded in December with a second filing before Justice Kelly as well (or a third filing or a fourth filing) as long as they had still failed to appear since they had not (through their own inaction) had an evidentiary hearing on the merits. We do not believe this to be within either the letter or the spirit of Rule 319. It is the duty of the magistrate to render final judgment and decide cases, having given the parties the opportunity to be present. Any relief must come from the appellate process since absent that appeal a final judgment has, in fact, been entered on the merits. In this regard we further adopt as part of this opinion the opinion of the Court of Common Pleas of Lebanon County in the case of *Mongelluzzi v. Gaidos,* 15 Lebanon L.J. 121 (1974), which reached a similar result on virtually identical facts. Since there is no argument that there is in this case the requisite concurrence as to the identity of the thing sued upon, the cause of action the parties to the action and the quality of capacity of the parties suing and sued we determine that res judicata applies and this action is barred. Accordingly

## ·ORDER

Now, July 22, 1991, plaintiff's motion for judgment on the pleadings with respect to defendant's counterclaim is granted and the matter may proceed to arbitration consistent with that opinion.