

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-6-2009

# Atuahene Oppong v. First Union Mtg

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-3599

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Atuahene Oppong v. First Union Mtg" (2009). *2009 Decisions.* Paper 1395.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1395

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 08-3599

_____

ATUAHENE OPPONG,

Appellant

v.

FIRST UNION MORTGAGE CORPORATION;
WELLS FARGO HOME MORTGAGE INC.;
FRANCIS S. HALLINAN

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 02-02149)
District Judge:  Honorable Eduardo C. Robreno

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 5, 2009

Before: RENDELL, FUENTES and ALDISERT, Circuit Judges

(Opinion filed: May 06,  2009 )

_____

OPINION

_____

PER CURIAM

Atuahene Oppong appeals from the judgment of the United States District Court

for the Eastern District of Pennsylvania entered in favor of Wells Fargo Home Mortgage,

Inc. ("Wells Fargo"), in Oppong's suit under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 et seq.

Oppong's original complaint naming First Union Mortgage Corporation ("First Union"), Wells Fargo, and Francis S. Hallinan, Esq. ("Hallinan"), as defendants alleged that they failed to provide him with the requisite validation information concerning his debt on his home mortgage, in violation of 15 U.S.C. § 1692g.[1] In 2004, we affirmed the District Court's grant of summary judgment as to First Union because it was not a "debt collector," under the FDCPA. See Oppong v. First Union Mortgage Corp., No. 04-1252, slip op. at 9 (3d Cir. Jul. 22, 2004). We noted that although the payoff figure and reinstatement figure documents on the letterhead of Federman & Phelan, L.L.P., explicitly stated that "this firm is a debt collector attempting to collect a debt," there was no record evidence that attorney Hallinan himself was engaged in debt collecting activities, and thus, we concluded that he was not a "debt collector" under the FDCPA. Id. at 6-7. We vacated judgment as to Wells Fargo, however, and remanded the matter to the District Court because an issue of material fact existed as to Wells Fargo's "debt collector" status. In 2006, we affirmed the District Court's ruling at summary judgment that Wells Fargo was a "debt collector" under the FDCPA, but we vacated its ruling that Oppong's action was barred by the doctrine of res judicata. See Oppong v. First Union

---

[1] Oppong obtained the loan in 1995 from Corestates Mortgage Corporation, which merged with First Union soon thereafter. He defaulted on the loan in 1996.

2

Mortgage Corp., No. 06-1388, slip op. at 11 (3d Cir. Jan. 26, 2007).

On remand, the District Court conducted a one-day non-jury trial at which Oppong testified. Oppong agreed to the facts proposed by Wells Fargo. These facts are set forth in the District Court's opinion. See D. Ct. Op. at 3-5. The District Court found that the only interaction between Oppong and Wells Fargo, at any relevant time, was a letter that Wells Fargo sent to Oppong, dated February 26, 2001, stating that Wells Fargo had assumed the role of servicer of Oppong's mortgage. The court also found that Wells Fargo never sent Oppong a validation notice and that it never attempted to collect the debt. The District Court found that the law firm of Federman and Phelan, L.L.P., drafted and filed the foreclosure action for First Union in January 2000 and that, at the foreclosure trial in January 2002, the law firm gave Oppong the payoff figure document, which itemized the payoff figure and amounts owed on the loan and attorney's fees.

At trial, Oppong contended that Wells Fargo violated the FDCPA when it failed to provide him with a validation notice. Wells Fargo argued that Oppong had in fact received an "initial communication" when he was served with the foreclosure complaint filed in 2000. Wells Fargo also argued that the language in the foreclosure complaint satisfied all of the requirements set forth in § 1692g and, thus, it constituted a proper "validation notice." The District Court agreed, noting in addition that Wells Fargo's duties as a debt collector under the FDCPA were not triggered because Wells Fargo never attempted to collect on the debt. The District Court entered judgment for Wells Fargo

3

and against Oppong. Oppong filed this timely appeal.

We review a district court's findings of fact following a bench trial under the clearly erroneous standard. Gordon v. Lewistown Hosp., 423 F.3d 184, 201 (3d Cir. 2005). We exercise plenary review "over a district court's choice and interpretation of legal precepts." Blasband v. Rales, 971 F.2d 1034, 1040 (3d Cir. 1992). We will affirm.

Oppong claims that Wells Fargo erroneously relied on the foreclosure complaint's initial communication and validation notice because it was issued by First Union, who is not a "debt collector" under the law.[2] The claim is meritless. The District Court properly set forth the principles of law regarding the FDCPA and correctly applied the standards for determining Wells Fargos' compliance with §§ 1692a and 1692g to the facts in Oppong's case. The initial communication and validation notice was issued in the foreclosure complaint drafted by the law firm of Federman and Phelan, a self-proclaimed debt collector representing First Union in the foreclosure action. The District Court correctly held that the substance of the foreclosure complaint's validation notice fully complied with all of the notice requirements set forth in 15 U.S.C. ¶ 1692g.[3] The District

---

[2] Wells Fargo argues that Oppong failed to raise this argument at trial and thus it is waived on appeal. Appellee's Brief at 22. Upon review of the trial transcript, it appears that, although Oppong did not present verbatim the claim that he raises on appeal, he did argue that First Union was a creditor, not a debt collector, and that Wells Fargo, as a debt collector, had a separate duty under the FDCPA to issue its own validation notice upon its own initial communication with Oppong. See TT at 38-39. We deem this presentation of the issue to be sufficient to preserve the pro se appellate claim.

[3] Oppong's case rests entirely on whether the foreclosure complaint constitutes an "initial communication" under the FDCPA. In 2006, Congress amended 15 U.S.C §

4

Court also properly held that the validation notice satisfied the objective "Least Sophisticated Consumer" standard.[4] See Wilson v. Quadramed Corp., 225 F.3d 350 n.2 (3d Cir. 2000); Graziano v. Harrison, 950 F.2d 107, 111 (3d Cir. 1991). The notice was straightforward, not confusing or misleading; it indicated that the drafter of the complaint, the law firm of Federman and Phelan, was in fact a debt collector trying to collect a debt; it cautioned Oppong to seek legal advice, advised him where to get it; and it informed him where he could find legal assistance if he could not afford a lawyer. Thus, because Oppong received a fully compliant validation notice in 2000, Wells Fargo was not obligated under the FDCPA to send its own validation notice for the same debt after it

---

1692g, providing that "formal pleadings in a civil action shall not be treated as an initial communication" for purposes of triggering the five-day time period for sending a written validation notice. See § 1692g(d). We need not decide whether § 1692g(d) applies retroactively in Oppong's case because the result is the same either way. If § 1692g(d) does not apply retroactively, then Wells Fargo did not violate the FDCPA because the law firm's foreclosure complaint constituted a legitimate initial communication and validation notice regarding the same debt. If § 1692g(d) does apply in Oppong's case, the foreclosure complaint filed in 2000 and Wells Fargo's formal substitution of itself as a party in the foreclosure action in July 2001, "shall not be treated as" initial communications under the new provision. Thus, neither the law firm's nor Wells Fargo's involvement in the foreclosure action triggered the provisions of the FDCPA.

[4] The District Court noted the potential for confusion in discerning between the notice of a thirty day response time for the FDCPA and the twenty-day period permitted for answering a foreclosure complaint. The District Court concluded that a "least sophisticated consumer" reviewing the foreclosure complaint in Oppong's case would have comprehended and been able to follow its independent guidelines. See District Court Opinion at 14. We note that Oppong apparently comprehended the difference in the deadlines for filing an FDCPA response and for filing an answer to the foreclosure complaint because he answered the foreclosure complaint within the twenty-day time period.

5

took over servicing the loan in March 2001. See Senftle v. Landau, 390 F. Supp. 2d 463, 473 (D. Md. 2005); Nichols v. Byrd, 435 F. Supp. 2d 1101, 1106 (D. Nev. 2006).

Oppong next argues that the District Court erred in making a factual finding that Wells Fargo never attempted to collect on the debt.[5] He asserts that Wells Fargo attempted to collect on the debt when it substituted itself as the plaintiff in the foreclosure action on July 24, 2001, and that Wells Fargo violated the FDCPA when it failed to provide Oppong with validation of the debt within five days of its initial communication. Even assuming that Wells Fargo's substitution in the foreclosure action could somehow be described as an attempt to collect on the debt, § 1692g did not require an additional validation notice from Wells Fargo because, as we have already discussed, the requisite validation notice regarding the same debt had already been issued in the foreclosure complaint more than one year earlier. See Senftle v. Landau, 390 F. Supp. 2d 463, 473 (D. Md. 2005); Nichols v. Byrd, 435 F. Supp. 2d 1101, 1106 (D. Nev. 2006).

Accordingly, we will affirm the District Court's judgment.

---

[5] Other than the District Court's finding that Wells Fargo never attempted to collect on the debt, Oppong does not dispute on appeal the correctness of facts to which he agreed at trial.

6