**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-3184
_____

BRYAN L. BANDES,

Appellant

v.

TRANSUNION LLC; MIDLAND CREDIT MANAGEMENT INC.

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2:25-cv-00493)
District Judge: Honorable Christy Criswell Wiegand

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 6, 2026

Before: BIBAS, CHUNG, and BOVE, *Circuit Judges*

(Opinion filed May 8, 2026)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Bryan Bandes appeals from an order dismissing his Third Amended Complaint under Fed. R. Civ. P. 12(b)(6). We will affirm.

I.

Bandes filed this suit under the Fair Credit Reporting Act ("FCRA") against TransUnion LLC, a credit reporting agency, and Midland Credit Management Inc., a creditor that owns certain of Bandes's credit-card debt. Bandes claimed that Midland furnished inaccurate information about that debt to Trans Union[1] and that Trans Union then reported it. In particular, he claimed that it was inaccurate to report the debt as "active and in collections." Bandes did not dispute that he incurred the debt and failed to repay it. Instead, he alleged that the debt could not be "in collections" because, although Midland filed suit to collect the debt in the Pennsylvania Court of Common Pleas for Fayette County, that court dismissed the suit with prejudice for failure to prosecute.[2]

On the basis of that allegation, Bandes asserted a claim against Trans Union for reporting inaccurate information in violation of 15 U.S.C. § 1681e(b) and a claim against Midland for furnishing inaccurate information in violation of 15 U.S.C. § 1681s-2(b). He also asserted claims against both defendants for willfully or negligently violating these provisions in violation of 15 U.S.C. §§ 1681n and 1681o, respectively. Both defendants

---

[1] Trans Union uses this spelling in its brief, and we will do the same.

[2] Bandes also alleged that Midland previously filed a suit that was dismissed *without* prejudice by a Magisterial District Court, but he has not relied on that disposition.

filed motions to dismiss Bandes's complaint under Rule 12(b)(6), and the District Court granted them and dismiss his complaint with prejudice. Bandes appeals.[3]

II.

The District Court dismissed Bandes's complaint on the ground that he did not allege any actionable inaccuracy in the report of his debt. We agree.

A report is inaccurate under the FCRA if a reasonable reader would understand it to convey information that is materially false or misleading. *See Bibbs v. Trans Union LLC*, 43 F.4th 331, 342-43 (3d Cir. 2022); *Seamans v. Temple Univ.*, 744 F.3d 853, 865 (3d Cir. 2014). Bandes did not allege in his complaint how the dismissal of Midland's Fayette County suit made it inaccurate to describe his debt as "in collections." But in his briefing in the District Court, he argued that the report is inaccurate only because the dismissal with prejudice of that suit means that Midland can never again seek to collect the debt in court. Bandes repeats that sole claim in his opening and reply brief on appeal.

Although Bandes characterizes this claim as a factual one, it is premised on the legal conclusion (which is not a factual allegation to be accepted as true) that the dismissal of Midland's suit has that legal effect. And as the District Court noted, there is a split of authority on whether a legal defense to a debt can render a report of that debt "inaccurate" for FCRA purposes. Some courts require a showing of strict factual

---

[3] We have jurisdiction under 28 U.S.C. § 1291. We review de novo the dismissal of a complaint under Rule 12(b)(6). *See Migliore ex rel. Migliore v. Vision Solar LLC*, 160 F.4th 79, 86 (3d Cir. 2025). "Like the District Court, we ask whether the complaint states a claim for relief, taking all factual allegations as true, disregarding legal conclusions, and drawing all reasonable inferences in the plaintiff's favor." *Id.*

3

inaccuracy, while others hold that a legal dispute can qualify so long as its effect on the debt is "objectively and readily verifiable." *Ritz v. Equifax Info. Servs, LLC*, No. 23-2181, 2025 WL 1303945, at *3 & n.6 (3d Cir. May 6, 2025) (not precedential) (quoting *Sessa v. Trans Union, LLC*, 74 F.4th 38, 40 (2d Cir. 2023)). We have not resolved this issue for our Circuit, *see id.* at *4, and we need not do so in this case. Even if a legal dispute can make the report of a debt inaccurate under the FCRA, Bandes has not raised the kind of dispute that might qualify.

Bandes claims that the dismissal of Midland's Fayette County suit with prejudice makes it inaccurate to describe his debt as "in collections" because the dismissal absolutely precludes any future attempts to collect the debt in court. If that claim were subject to objective and ready verification, then the report of his debt as "in collections" might raise concerns because collection activity is commonly understood to include court proceedings. *See Heintz v. Jenkins*, 514 U.S. 291, 294 (1995).[4]

But Bandes has not made any showing that the dismissal with prejudice of Midland's suit has this effect, let alone that it does so in an objectively and readily verifiable way. The only support he provides for that proposition is a citation that we liberally construe as one to *Papera v. Pennsylvania Quarried Bluestone Co.*, 948 F.3d 607 (3d Cir. 2020).[5] *Papera*, however, addresses the preclusive effect of a with-prejudice

---

[4] For this reason, we do not regard as dispositive Midland's argument that a legally barred debt could still be characterized as "in collections" because it sometimes is consistent with the Fair Debt Collections Practices Act for a debt collector to seek voluntary repayment of a debt that the collector no longer can pursue in court. *See Huertas v. Galaxy Asset Mgmt.*, 641 F.3d 28, 32-33 (3d Cir. 2011) (per curiam).

[5] Bandes repeatedly cites a case by this name as one decided by a Pennsylvania state

4

dismissal in *federal* court.  *See id.* at 610-11.  Bandes has not briefed the effect of a with-prejudice dismissal in *Pennsylvania* court, let alone the effect of the specific kind of dismissal at issue here.  Nor is it obvious that the dismissal has the kind of absolute preclusive effect that he claims.[6]  Indeed, Bandes belatedly acknowledges that point—

court and reported in the Atlantic Reporter, but the citation he provides is to a different and inapposite case and we have not located any Pennsylvania case by this or a similar name.  Bandes inexplicably continued to cite this case as a Pennsylvania case in his reply brief even after Midland identified it as a Third Circuit case and addressed it.  Relatedly, Bandes relies in his opening brief on what he characterizes as a Third Circuit case that he cites as "Nissan Motor Acceptance Corp. v. Infinity Fin. Servs. (2025)."  Midland argues in its brief that it has not located any such case (nor have we), and it asks us to order Bandes to provide a copy.  Bandes responds in his reply brief by providing a Westlaw citation for this case, but that citation is to an FDA safety report.  We will not direct Bandes to address this issue at this time, but we advise him (and anyone else who might be assisting him with his papers) that litigants are expected to confirm the accuracy of cases cited to this Court, particularly when a citation has been questioned.  *Cf. McCarthy v. DEA*, __ F.4th __, No. 24-2704, 2026 WL 850354, at *4 (3d Cir. Mar. 27, 2026) (addressing the conduct of counsel).

[6] The Fayette County court dismissed Midland's suit with prejudice pursuant to Rule 1901 of its Rules of Judicial Administration for failure to proceed.  Bandes has not cited any authority addressing the effect of a dismissal under this rule, and we have located none.  The rule itself, however, allows reinstatement on a showing of good cause.  Fayette Cnty. R. Jud. Admin. 1901(a)(3).  And contrary to Bandes's assertions, it appears that Pennsylvania courts typically do not give preclusive effect to dismissals for failure to prosecute even when such dismissals are with prejudice.  *See, e.g.*, *Gutman v. Giordano*, 557 A.2d 782, 783-84 (Pa. Super. Ct. 1989) (citing *Robinson v. Trenton Dressed Poultry Co.*, 496 A.2d 1240, 1243 (Pa. Super. Ct. 1985)).  For that reason, the dismissal of a collections suit with prejudice for failure to prosecute might not necessarily bar further collections suits that assert a different cause of action.  *See Mun. of Monroeville v. Liberatore*, 736 A.2d 31, 33-34 (Pa. Commw. Ct. 1999) (relying on *Gutman* and *Robinson* in holding that the dismissal with prejudice of a previous tax collections suit for failure to exhaust did not bar a new suit seeking to collect the same debt by different means because the dismissal of the first suit was not "an adjudication on the merits of the tax liability").  And even if such a dismissal precludes a new suit, it appears that courts retain the discretion to reopen suits that have been dismissed for failure to prosecute.  *See Gutman*, 557 A.2d at 784.  That principle appears consistent with the Fayette County rule allowing reopening on a showing of good cause.

and effectively disavows the sole claim he had raised thus far—in a document that he filed after his reply brief and that he calls a "notice of errata" to that brief.[7]

In sum, even if a legal dispute as to a debt could raise a cognizable FCRA inaccuracy, Bandes has not raised the kind of objectively and readily verifiable dispute that might qualify. To be clear, we express no opinion on whether Midland can still seek to collect Bandes's debt in any court proceeding. We instead hold only that resolution of that issue is not so obvious as to render the description of Bandes's debt as "in collections" inaccurate under the FCRA.[8]

---

[7] As noted above, Bandes has relied on *Papera* in support of his sole claim that the "in collections" report is inaccurate because the dismissal with prejudice of his Fayette County suit precludes further collection activity in court. He did so in the District Court in both his brief in opposition to defendants' motions to dismiss and his sur-reply. He also did so in both his opening brief and reply brief on appeal. But in Bandes's "notice of errata," he now claims that his characterization of *Papera* was an "overstatement" and that the "error was inadvertent." He also acknowledges that a dismissal with prejudice for failure to prosecute typically does *not* have preclusive effect in Pennsylvania court. He argues, however, that the dismissal still means that his debt cannot be "in collections" because the dismissal shows that Midland has abandoned the debt as a matter of fact. Bandes forfeited that theory of relief both by failing to raise it in the District Court and by failing to raise it in his opening brief on appeal. *See Kars 4 Kids Inc. v. America Can!*, 98 F.4th 436, 452 (3d Cir. 2024).

[8] In so holding, we reject all of Bandes's other arguments on appeal. Bandes argues, for example, that his claim is supported by his allegation that his dispute of the debt led the two other major credit reporting agencies to change their reports. But while the conduct of other credit reporting agencies could be relevant in assessing the reasonableness of a reporting agency's FCRA investigation in an appropriate case, *see Cousin v. Trans Union Corp.*, 246 F.3d 359, 368 (5th Cir. 2001), it has no bearing on whether Bandes stated an actionable FCRA inaccuracy in this one. Bandes also argues that the District Court erred at the Rule 12(b)(6) stage by accepting documents submitted by Midland as substantive proof of a valid debt. He inexplicably repeated that argument in his reply brief even after Midland correctly pointed out that it did not submit any documents to the District Court (but that Bandes himself did). In any event, the court did not rule on the validity of

III.

For these reasons, we will affirm the judgment of the District Court.

_____

Bandes's debt as he claims. The court instead merely and accurately noted that Bandes did not contest either that he incurred the debt or that he failed to repay it.